1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EXAMWORKS, a Delaware limited              No.  2:20-CV-00920-KJM-DB
     liability company,
12
                    Plaintiff,
13                                              ORDER
              v.
14
     TODD BALDINI, an individual,
15   ABYGAIL BIRD, an individual,
     LAWRENCE STUART GIRARD, an
16   individual, PAMELLA TEJADA, an
     individual, ROE CORPORATION, and
17   DOES 1 through 10,

18                  Defendants.

19

20            Plaintiff ExamWorks, LLC's ("ExamWorks") moves for a temporary restraining

21   order accompanied by an order preserving evidence, discovery on expedited basis and sealing of

22   documents provided to the court on May 5, 2020.  On March 8, 2020 the court heard telephonic

23   argument on the motions.  Attorneys Robert Shwarts, Catherine Lui, Johanna Jacob, and Nathan

24   Shaffer appeared on behalf of plaintiff; defendant, Abygail Bird, appeared pro se.  Defendants

25   Stuart Girard, Todd Baldini and Pamella Tejada did not appear.  As discussed at hearing, Ms. Lui

26   has now filed a declaration confirming prior electronic notice to all defendants of the telephonic

27   hearing. Catherine Lui Decl., ECF No. 16.

28

                                              1

After argument, the court indicated its intent to grant the temporary restraining order and the request to preserve evidence, as well as grant sealing in part; it took the matter of expedited discovery under submission and resolves all of the motions here.  The court, having considered the arguments of counsel and the papers submitted with this matter, and for good cause shown, GRANTS the motions for a temporary restraining order, and discovery on expedited basis.  The court GRANTS IN PART plaintiff's request to seal documents as explained below.

Defendants Lawrence Stuart Girard, Todd Baldini, Pamella Tejada and Abygail Bird (collectively, "defendants") are HEREBY NOTIFIED they have the right to apply to the court for modification or dissolution of this order on two (2) days' notice.

I.       TEMPORARY RESTRAINING ORDER

In order to obtain a temporary restraining order, a party must make the same showing as required for a preliminary injunction by demonstrating "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  Further, "[a] preliminary injunction [or temporary restraining order] is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quotation and alteration omitted).

The court finds that the applicable standard is met and that ExamWorks is entitled to a temporary restraining order because ExamWorks has shown (1) likely success on the merits of its trade secret misappropriation claims based on evidence that defendants transmitted and took such trade secret material into their possession in a manner contrary to ExamWorks' written policies and applicable employment agreements with plans to use the information to compete against ExamWorks; (2) use or disclosure of such material by defendants will damage ExamWorks; (3) such damage is likely to be irreparable because it will be in the form of lost business, lost customers, loss of goodwill, and similar harms that are difficult or impossible to

compensate with damages; (4) such irreparable harm is threatened and imminent such that a temporary restraining order is necessary to preserve the status quo until this matter can be brought on for hearing on ExamWorks' motion for preliminary injunction; (5) the balance of hardships tips strongly in ExamWorks' favor because defendants have no legitimate interest in the use of ExamWorks' trade secrets, and (6) the public interest favors injunctions to protect trade secrets.

Accordingly, defendants are ENJOINED as follows:

1.      Defendants are ordered to immediately take all steps to preserve evidence relevant to the allegations of the complaint and/or their employment with ExamWorks, including, but not limited to, any email or cloud storage accounts, computers, servers, USB thumb drives, and any other electronic devices that contain relevant electronic evidence.

2.      Defendants are further ordered, at their own expense, to make any electronic device or account that contains relevant electronic evidence available within 48 hours of this order to a neutral and mutually agreed-upon third-party forensic expert (the "Forensic Expert") in order to create a forensically sound image of said device, or, in the alternative, turn over the actual electronic device to the Forensic Expert.  Such image or device is to be accessed or inspected only at such time as the parties stipulate to an acceptable forensic inspection protocol or upon further order of the court allowing such inspection.

3.      Defendants and all persons in active concert or participation with them are hereby enjoined from acquiring, accessing, disclosing or using, or attempting to acquire, access, disclose or use any trade secrets or confidential information of ExamWorks, or derivatives thereof, including, but not limited to, any documents that discuss, forward, reference or incorporate the trade secrets or confidential information of ExamWorks.  For purposes of this order, "trade secret" means all nonpublic "forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing." *See* 18 U.S.C. § 1839(3).  For

/////

3

purposes of this order, "confidential information" means all other information belonging to or otherwise relating to the business of ExamWorks or its affiliates that is not generally known.

4.    Defendants and all persons in active concert or participation with them are hereby ordered to return all ExamWorks trade secrets and confidential information in their possession, custody, or control to the office of counsel for ExamWorks (Catherine Lui, Orrick, Herrington & Sutcliffe LLP, 400 Capitol Mall # 3000, Sacramento, CA 95814) within 48 hours of entry of the court's order to the extent there are not materials already turned over to the Forensic Expert.

5.    Once the preservation requirements in Paragraphs 1 and 2 are complete, defendants are ordered, at their own expense, to work with the Forensic Expert to permanently and forensically remove from all of their computers, servers and other electronic devices any trade secrets or confidential information of ExamWorks, or derivatives thereof, including, but not limited to, any documents that discuss, forward, reference, or incorporate the trade secrets or confidential information of ExamWorks, as defined in paragraph 3.

6.    Defendants are hereby enjoined from conducting business with any individual or entity that did business with ExamWorks before defendants stopped working there to the extent those individuals or entities are identified in the trade secret materials misappropriated by defendants, including, without limitation, ExamWorks' clients, medical providers and doctors.

The above temporary restraining order shall be effective immediately and no bond is required at this time.

II.    <u>ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION</u>

Defendants are ORDERED to appear telephonically or by videoconference, with the exact manner of appearance to be confirmed, on May 22, 2020, at 10 a.m. before the undersigned to show cause why a preliminary injunction should not be granted and why the temporary restraining order set forth above should not be extended such that defendants are restrained and enjoined pending trial as follows:

1.    Defendants are ordered to immediately take all steps to preserve evidence relevant to the allegations of the complaint and/or their employment with ExamWorks, including, but not

4

limited to, any email or cloud storage accounts, computers, servers, USB thumb drives, and any other electronic devices that contain relevant electronic evidence.

2.     Defendants are further ordered, at their own expense, to make any electronic device or account that contains relevant electronic evidence available within 48 hours of this order to a neutral and mutually agreed-upon third-party forensic expert (the "Forensic Expert") in order to create a forensically sound image of said device, or, in the alternative, turn over the actual electronic device to the Forensic Expert.  Such image or device is to be accessed or inspected only at such time as the parties stipulate to an acceptable forensic inspection protocol or upon further order of the court allowing such inspection.

3.     Defendants and all persons in active concert or participation with them are hereby enjoined from acquiring, accessing, disclosing or using, or attempting to acquire, access, disclose or use any trade secrets or confidential information of ExamWorks, or derivatives thereof, including, but not limited to, any documents that discuss, forward, reference or incorporate the trade secrets or confidential information of ExamWorks.  For purposes of this order, "trade secret" means all nonpublic "forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing."  *See* 18 U.S.C. § 1839(3).  For purposes of this order, "confidential information" means all other information belonging to or otherwise relating to the business of ExamWorks or its affiliates that is not generally known.

4.     Defendants and all persons in active concert or participation with them are hereby ordered to return all additional ExamWorks trade secrets and confidential information in their possession, custody, or control to the office of counsel for ExamWorks (Catherine Lui, Orrick, Herrington & Sutcliffe LLP, 400 Capitol Mall # 3000, Sacramento, CA 95814) within 48 hours of entry of the court's order to extent there are not materials already turned over to the Forensic Expert.

5.      Once the preservation requirements in paragraphs 1 and 2 are complete, defendants are ordered, at their own expense, to work with the Forensic Expert to permanently and forensically remove from all of their computers, servers, and other electronic devices any trade secrets or confidential information of ExamWorks, or derivatives thereof, including, but not limited to, any documents that discuss, forward, reference, or incorporate the trade secrets or confidential information of ExamWorks, as defined in paragraph 3.

6.      Defendants are hereby enjoined from conducting business with any individual or entity that did business with ExamWorks before defendants stopped working there to the extent those individuals or entities are identified in the trade secret materials misappropriated by defendants, including, without limitation, ExamWorks' clients, medical providers, and doctors.

This order to show cause and all papers supporting the requested injunction shall be served on defendants no later than May 13, 2020, by hand delivery or via electronic delivery. Plaintiff will continue to have the obligation of ensuring defendants, individually or through counsel, are aware of the preliminary injunction hearing and filing deadlines.

Any opposition papers to the requested injunction shall be filed with the Clerk no later than May 15, 2020, at 4:00 p.m., and, if any documents are submitted in camera and not filed via the CM/ECF system, those documents shall be served electronically on ExamWorks' counsel at that time.

Any reply papers in support of the requested injunction shall be filed no later than May 18, 2020 at 4:00 p.m. and served by electronic delivery on defendants or their counsel at that time.

The temporary restraining order granted herein on this day, May 8, 2020, shall expire on May 22, 2020, absent further order of this court.

III.     DISCOVERY ON EXPEDITED BASIS

The court has also considered plaintiff's motion for expedited discovery and is satisfied defendants have received notice and have had sufficient time, even under the expedited circumstances, to respond to the motion.  Plaintiff's will continue to have the obligation of

1  ensuring defendants, individually or through counsel, are served with exhibits A–D to

2  ExamWorks' motion.

3       The court having read and considered the motion and supporting documents

4  thereto, finds it is not necessary to wait until June 5, 2020 for the scheduled hearing on this

5  motion and so submits the motion now on the papers presently before it.  ExamWorks has shown

6  good cause for expedited discovery to allow it to pursue this action to protect its trade secrets,

7  there currently is no showing of any prejudice to defendants, and expedited discovery will allow

8  for development of the record by the time of the preliminary injunction hearing set above.

9       Accordingly, good cause appearing, the court GRANTS ExamWorks' motion as

10  follows:  Defendants are ORDERED to appear for deposition at a mutually agreeable place and

11  time but in no event greater than 14 days from the date of this order.  Defendants also are

12  ORDERED to respond to plaintiff's request for production of documents and things, requests for

13  inspection and interrogatories no later than 10 days from the date of this order.

14       IV.     REQUEST TO FILE UNDER SEAL

15       Finally, plaintiff's request to file under seal also is before the court.  Having

16  considered the request to file under seal, the declarations in support thereof, the pleadings on file,

17  and any other relevant materials, the request to file under seal will be GRANTED IN PART.

18       Plaintiff shall submit to the court by the close of business on May 8, 2020,

19  proposed redactions of the declarations covered by the request to seal.  Following the court's

20  review of the proposed redactions, it will issue a final order resolving the request to seal.

21       V.     SUMMARY

22       The court orders as follows:

23       (1) The Motion for a temporary restraining order is GRANTED;

24
25       (2) The Motion for discovery on expedited basis is GRANTED;

26       (3)  The Request to seal documents is GRANTED IN PART, subject to the explanation

27            provided above;

28

(4)  The Ex parte application to shorten time for hearing on motion to expedited discovery

is DENIED as MOOT.

This order resolves ECF Nos. 4, 5, 6 and 7.

IT IS SO ORDERED.

DATED:  May 8, 2020.

CHIEF UNITED STATES DISTRICT JUDGE