UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXAMWORKS, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TODD BALDINI, an individual, ABYGAIL BIRD, an individual, LAWRENCE STUART GIRARD, an individual, PAMELLA TEJADA, an individual, ROE CORPORATION, and DOES 1 through 10,<br><br>Defendants. | No. 2:20-CV-00920-KJM-DB<br><br>ORDER GRANTING PRELIMINARY INJUNCTION |

    Plaintiff ExamWorks, LLC's ("ExamWorks") moves for a preliminary injunction to extend until trial the terms of the temporary restraining order (TRO) the court previously entered on May 8, 2020, ECF No. 17, and extended on May 22, 2020, ECF No. 37. *See* ECF No. 4. Plaintiff also requests the court order defendants to bear the costs associated with the forensic analysis plaintiff says is required to complete review of electronic discovery. ECF No. 39 at 11.[1]

    Prior to the court's extending the TRO, defendants filed written opposition to a preliminary injunction, plaintiff filed a reply, and the court heard oral argument. ECF Nos. 26,

---

[1] The court cites to the page numbers assigned by the court's ECF system.

1  29-32 (opposition briefing and declarations); ECF No. 27 (reply); ECF No. 35 (hearing minutes).
2  After ordering supplemental briefing, which the parties now have filed, *see* ECF Nos. 39, 41-43,
3  the court heard argument on plaintiff's motions on June 3, 2020.  The court resolves plaintiff's
4  motion and request as set forth below, with an order explaining its decision more fully to follow.

<u>Preliminary Injunction</u>

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending a trial on the merits.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  The party seeking injunctive relief must show it "is likely to succeed on the merits, . . . is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.

Before the *Winter* decision, the Ninth Circuit employed a "sliding scale" or "serious questions" test, which allowed a court to balance the elements of the test "so that a stronger showing of one element may offset a weaker showing of another."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).  Recently, the Circuit has found that its "serious question" sliding scale test survived *Winter*: a court may issue a preliminary injunction when the moving party raises serious questions going to the merits and demonstrates that the balance of hardships tips sharply in its favor, so long as the court also considers the remaining two prongs of the *Winter* test.  *Cottrell*, 632 F.3d at 1131–35.

The court, having considered the arguments of counsel, the briefs and exhibits submitted with this matter, and for good cause shown as will be explained in its forthcoming order, FINDS that ExamWorks is entitled to a preliminary injunction because it has shown (1) likely success on the merits of its trade secret misappropriation claims based on evidence that defendants transmitted and took such material into their possession in a manner contrary to ExamWorks' written policies and applicable employment agreements with plans to use the

2

information to compete unlawfully against ExamWorks; (2) use or disclosure of such material by defendants has damaged or will damage ExamWorks; (3) such damage is likely to be irreparable because it will be in the form of lost business, lost customers, loss of goodwill, and similar harms that are difficult or impossible to compensate with damages; (4) such irreparable harm is threatened and imminent such that a preliminary injunction is necessary to preserve the relative positions of the parties until this matter can be fully resolved at trial or through dispositive motion practice; (5) the balance of hardships tips strongly in ExamWorks' favor because defendants have no legitimate interest in the unlawful use or disclosure of ExamWorks' trade secrets, and (6) the public interest favors this injunction to protect trade secrets as long as the injunction does not impede defendant employees' right to engage in lawful work.

Accordingly, the court GRANTS the motion for a preliminary injunction as follows:

1. Defendants are ordered to continue taking all steps to preserve evidence relevant to the allegations of the complaint and/or their employment with ExamWorks, including, but not limited to, any email or cloud storage accounts, computers, servers, USB thumb drives, and any other electronic devices that contain relevant electronic evidence.

2. Defendants are further ordered, at their own expense, to continue making any electronic device or account that contains relevant electronic evidence available immediately to a neutral and mutually agreed-upon third-party forensic expert (the "Forensic Expert") in order to create a forensically sound image of said device, or, in the alternative, turn over the actual electronic device to the Forensic Expert.

3. Defendants and all persons in active concert or participation with them are hereby enjoined from acquiring, accessing, disclosing, or using, or attempting to acquire, access, disclosure, or use any trade secrets or confidential information of ExamWorks, or derivatives thereof, as described in the complaint in this action, including, but not limited to, any documents that discuss, forward, reference, or incorporate the trade secrets or confidential information of ExamWorks. For purposes of this order, the legal definition of "trade secret" is all nonpublic "forms and types of financial, business, scientific, technical, economic, or engineering

information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing." *See* 18 U.S.C. § 1839(3).  For purposes of this order, "confidential information" means all other information belonging to or otherwise relating to the business of ExamWorks or its affiliates which is not generally known.

4. Defendants and all persons in active concert or participation with them are ordered to continue returning, without delay, all ExamWorks trade secrets and confidential information in their possession, custody, or control to the office of counsel for ExamWorks (Catherine Lui, Orrick, Herrington & Sutcliffe LLP, 400 Capitol Mall # 3000, Sacramento, CA 95814) to the extent there are not materials already turned over to the Forensic Expert.

5. Defendants are ordered, at their own expense, to work with the Forensic Expert to permanently and forensically remove from all of their computers, servers, and other electronic devices any trade secrets or confidential information of ExamWorks, or derivatives thereof, including, but not limited to, any documents that discuss, forward, reference, or incorporate the trade secrets or confidential information of ExamWorks, as defined in paragraph 3 above.

6. Defendants are hereby enjoined from conducting business with any individual or entity that did business with ExamWorks before defendants stopped working there to the extent those individuals or entities are identified in the bundle of trade secret materials misappropriated by defendants, including, without limitation, curated lists identifying ExamWorks' clients, medical providers, and doctors; provided however that defendants are not precluded from lawfully announcing their new employment as long as any announcement does not make use of plaintiff's trade secrets.

This preliminary injunction shall be effective immediately and no bond is required.

Discovery Expenses

The court also DETERMINES that defendants have not at this point overcome the presumption that, as the responding parties to plaintiff's discovery requests they must bear the expense of compliance, including the costs to have the forensic expert identify responsive

4

information contained in the voluminous electronic material defendants have produced. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358-59 (1978) (reviewing presumption applicable to discovery practice "that the responding party must bear the expense of complying with discovery requests"). This determination does not preclude defendants' seeking to rebut the presumption through the filing of a discovery motion under Federal Rule of Civil Procedure Rule 26 or other applicable discovery rule before the assigned magistrate judge.

<u>Settlement Conference</u>

Recognizing the defendant employees' right to engage in lawful work as long as they are not misappropriating plaintiff's trade secrets, and the possibility that the parties may be in a position to propose a refinement to paragraph 6 above that clarifies the extent to which defendants here may engage in such work, the court ORDERS the parties to participate in a settlement conference to be convened on an expedited basis by Magistrate Judge Kendall J. Newman. Judge Newman's courtroom deputy will contact the parties to set the settlement conference, which may be convened by videoconference and/or telephone, at the earliest available date.

IT IS SO ORDERED.

DATED: June 3, 2020.

CHIEF UNITED STATES DISTRICT JUDGE