ROBERT S. SHWARTS (STATE BAR NO. 196803)
rshwarts@orrick.com
CATHERINE Y. LUI (STATE BAR NO. 239648)
clui@orrick.com
NATHAN SHAFFER (STATE BAR NO. 282015) nshaffer@orrick.com
JOHANNA L. JACOB (STATE BAR NO. 286796)
jjacob@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:     +1 415 773 5759

Attorneys for Plaintiff
ExamWorks, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXAMWORKS, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>TODD BALDINI, an individual, ABYGAIL BIRD, an individual, LAWRENCE STUART GIRARD, an individual, PAMELLA TEJADA, an individual, ROE CORPORATION, and DOES 1 through 10,<br>　　　　　Defendant(s). | No. 2:20-cv-00920-KJM-DB<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |

1. **PURPOSE**

This production protocol will govern how the parties and the stipulated third party neutral forensic examiner produce email and electronic documents in this action.

2. **SEARCH OBLIGATIONS**

   a. Each Party will conduct a reasonably diligent search for accessible sources of Electronically Stored Information ("ESI") in which it has reason to believe potentially relevant material will be found.

   b. Furthermore, each Party represents that, from the point of its own reasonable anticipation of litigation, it has taken reasonable steps to prevent the partial or full destruction, alteration, shredding, incineration, wiping or loss, due to any reason whatsoever, of potentially relevant information contained in hard copy or reasonably accessible sources of ESI.

3. **DOCUMENT PRODUCTION FORMAT**

   a. <u>TIFF Images.</u> Unless otherwise stated in this Production Protocol, each document shall be produced in black and white, CCITT Group IV Tagged Image File Format ("TIFF") regardless of whether such documents are stored by the parties in the ordinary course of business in electronic or hard copy form. Each TIFF image file should be one page and should reflect how the source document would appear if printed to hard copy.

   b. <u>Load File(s).</u> Document productions shall include Concordance-compatible Load File(s) that indicates document breaks of the TIFF images and additional fields as identified in Section 6 below.

   c. <u>File Name.</u> Each document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "TIF". File names should not be more than fifteen characters long or contain spaces or underscore symbols.

d. Document Unitization. Electronically collected data shall maintain family relationships to group parent documents with their attachments.  Parties shall apply all appropriate measures to logically unitize any hard copy or scanned documents in order to represent how they were maintained in the ordinary course of business.

e. Color. Documents shall be produced as black and white TIFF images. Upon written request, a party shall produce color images for a reasonable number of selected documents. Documents produced in color shall be produced as JPEG images with Exif compression and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension "JPG".

f. Confidentiality Designation.  Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter.  Each responsive document produced in native format will have its confidentiality designation identified in the filename of the native file.

g. Native Production for Spreadsheets, PowerPoint Presentations, and other Files not readily converted into TIFF images.  Notwithstanding the foregoing, the parties will produce spreadsheet and PowerPoint and other presentation files in native format, as well as any other files not readily converted into a TIFF image (e.g., audio or video files).  Each file produced in native format shall be named with a unique Bates Number (*e.g.*, ABC00000001.xls) and protective designation (*e.g.* ABC00000001_confidential.xls).  In addition to producing such documents in native format, the producing party shall also include in the production a placeholder TIFF image with the phrase "Document Produced Natively."  The placeholder TIFF images shall be Bates-numbered as described herein, shall be endorsed for confidentiality as described in the Protective Order, and shall include

3

Metadata as set forth in Section 4.  The parties reserve the ability to request other file types be produced in native form or in another reasonably usable form upon review of the other party's production. The parties reserve their respective rights to object to any such request

h. <u>Native Redactions.</u>  Spreadsheets that contain redactions shall be produced as TIFF images, and shall follow the TIFF-image protocol described herein.  However, when reasonably necessary, large spreadsheets that contain redactions may be produced in native format with black boxes representing the redacted portions of the document.  These documents shall be redacted using a "full block" representative character that appears as a black box on the spreadsheet.  This process may be used when a TIFF image would otherwise result in a large number of pages such that it is unreasonable to review as a TIFF image.

4. **SEARCHABLE TEXT.**  In addition to TIFF images, each production will include text files corresponding to the TIFF image files described above.

   a. <u>Hard Copy Documents.</u> Hard copy documents shall be scanned using Optical Character Recognition ("OCR") technology and searchable ASCII text (or Unicode text if the text is in a language requiring characters outside of the ASCII character set) files shall be produced. Each file shall be named with the unique Bates Number of the first page of the corresponding TIFF document followed by the extension "TXT".  Hard copy documents shall otherwise be produced as they are stored in the normal course of the producing party's business.

   b. <u>Electronic Documents.</u> The full text of each native electronic document shall be extracted ("Extracted Text") and produced in a text file. The Extracted Text shall be provided in searchable ASCII text format (or Unicode text format if the text is in a language requiring characters outside of the ASCII character set) and shall be named with the unique Bates Number of the first page of the corresponding TIFF document followed by the extension "TXT". Searchable text files corresponding

to the TIFF image files for redacted Electronic Documents must include Extracted Text or OCR text only to the extent that it will not disclose redacted information.

5. **PRODUCTION MEDIA**

   a. Documents that are designated pursuant to the protective order must be produced via encrypted media or via encrypted FTP transfer or other securely encrypted electronic transmissions.  Such productions must also be password protected, with the passcode being securely and separately transferred from the encrypted media itself.  Non-designated documents may be included in the encrypted production of designated documents, but a production of exclusively non-designated documents may be produced without encryption.  The encryption passcode for any encrypted media will be exchanged between counsel for the parties securely and separately transferred from the encrypted media itself. Encryption passcodes may only be disclosed to parties, parties' counsel, experts, third-party vendors, and support staff for all of these entities. The encryption specification used will be the Advanced Encryption Standard ("AES") established by the U.S. National Institute of Standards and Technology and will use a 256 bit key length. Passcodes must be at least 14 characters long and contain a mix of upper case characters, lower case characters, numbers, and symbols such as "&" or "$" or others and will not contain any complete words. Each FTP production transfer and piece of Production Media shall identify: (1) the producing party's name; (2) the production date; and (3) the Bates Number range of the materials contained on the Production Media.

6. **METADATA**

   a. For all Electronic Documents, the Concordance compatible Load File(s) referenced in paragraph 3(b) will be in an ASCII text format and include the Data Fields listed below. For redacted Electronic Documents, metadata fields must be produced only to the extent such fields will not disclose redacted information.

b. The parties reserve the ability to request that additional Data Fields be set forth or provided for certain specified Electronic Documents upon review of the other party's production. A party is not obligated to produce metadata from a document if metadata does not exist in the document, or if the metadata is not machine-extractable. Notwithstanding, the Custodian and Hash Value fields identified in Appendix A are derived or additive metadata which the parties must produce even though not otherwise existing in the document or machine-extractable.

| Field | Field Name | Field Format | Description |
|---|---|---|---|
| Confidentiality | Confid | Text | Confidentiality designation pursuant to the parties' Protective Order |
| File Name | FileName | Text | File Name of document or email |
| File Size | FileSize | Text | File size of document or email (including any embedded attachments) |
| Document Page Count | PageCount | Non zero filled number | Number of pages in email or document |
| Production Begin Bates Number | BegDoc | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID number associated with first page of email or document |
| Production End Bates Number | EndDoc | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID Number associated with last page of email or document |
| Production Begin Attachment Bates Number | BegAtta | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID Number associated with first page of parent email, document or family |
| Production End Attachment Bates Number | EndAtta | Maximum six-character alpha prefix, seven-digit numeric sequence | Document ID Number associated with last page of email, document or family |
| Parent ID | ParentID | Maximum six-character alpha prefix, seven-digit numeric sequence | Starting Bates number of Parent document |

| | | | |
|---|---|---|---|
| Attach IDs | AttachIDs | Maximum six-character alpha prefix, seven-digit numeric sequence | Starting Bates number of each attached document separated by semi-colon |
| Attach Count | Attachcount | Number | Tally of the number of attachments per document |
| Document Type | DocType | Text | Type of document (e.g., email, attachment, network document) |
| Original File Path | OrigPath | Text | Complete original file path for an email or loose electronic document |
| Duplicate Path | DupPath | Text | Only applicable when loose files are de-duplicated against email attachments |
| Application | AppName | Text | Type of application of document or email (*i.e.,* Outlook, Lotus Notes, Microsoft Word or Microsoft Excel, etc.) |
| File Extension | FileExt | Text | File extension of document or email |
| Full Text Path | TextPath | Text | UNC path to production text files containing the extracted or OCR text (Not required if text of document is redacted) |
| MD5/SHA1 | MD5Hash/ Secure Hash | Hash value | Algorithm that represents a unique value of the document or email, used for deduplication purposes |
| Native Link | Native Link | Text | Complete file path of produced native file to allow hyperlinking of native file. (Only if native file is being produced) |
| Redacted Document | RedctDoc | Y/N | If a document is redacted, this field must contain a "Y." If the document has not been redacted, the field must contain an "N." |
| Custodian | DocCust | Text | Name of the custodian or source system from which the document was collected. |

| Field | Name | Type | Description |
|---|---|---|---|
| Duplicate Custodian[1] | DupCust | Text semicolon delimited | List of custodian names that had duplicates of this email or document. Names shall be delimited by a semicolon. Only applicable when the parties use global deduplication. |
| Author | Author | Text | Document author name, for non-email documents. |
| Last Author | LastAuthor | Text | Last author or editor of document, from document properties |
| From | Sender | Text | Name and/or email address of person(s) found in the "FROM" address line. |
| To | Recipient | Text semicolon delimited | Name(s) and/or email addresses of person found in the "TO" address line. |
| CC | CC | Text semicolon delimited | Name(s) and/or email addresses of person(s) found in the "CC" address line. |
| BCC | BCC | Text semicolon delimited | Name(s) and/or email addresses of person(s) found in the "BCC" address line, if any. |
| Subject | Subject | Text | Subject or "Re" line of email; not required for documents if subject or re line is redacted. |
| Title | Title | Text | Title of non-email document; not required if title is redacted. |
| Date Created | CreateDate | Date in MMDDYYYY | Date on which the document was created |
| Time Created | CreateTime | | Time file created |
| Last Modified Date | DateMod | Date in MMDDYYYY | Date the document was last modified |
| Last Modified Time | ModTime | | Time file last modified |
| Last Access Date | AccessDate | Date in MMDDYYYY | Date file last accessed |
| Last Access Time | AccessTime | | Time file last accessed |

---

[1] Global Deduplication is the recommended processing standard for most matters. The Parties shall attempt to de-duplicate ESI to avoid substantially duplicative productions. Documents will be de-duplicated against the entire population and all custodians of a de-duplicated document will be listed in a "Duplicate Custodian" field.

| | | | |
|---|---|---|---|
| Sent Date | DateSent | Date in MMDDYYYY | Date email was sent |
| Sent Time | TimeSent | | Time email was sent |
| Date Received | DateRecd | Date in MMDDYYYY | Date email was received by addressed recipients |
| Time Received | TimeRecd | | Time email was received |
| Drive ID | DriveID | Text | Serial number or ID of external hard drive or thumb drive that document originates from. |

7.   **EMAIL THREADING**

   a. In order to reduce the volume of entirely duplicative content within email threads, a party may utilize email thread suppression. As used in this agreement, email thread suppression means reducing redundant production of lesser inclusive email threads by producing the most recent email containing the thread of emails, as well as any emails with unique attachments within the thread. Thus excluding all lesser inclusive emails that would constitute redundant duplicates within the produced string. Emails suppressed under this paragraph need not be reflected on the party's privilege log.

8.   **TIMEZONE**

   a. All documents and associated metadata shall be produced in the UTC time zone.

9.   **EXTERNAL HARD DRIVES AND USB DRIVES**

   a. The parties will produce both files and folders from external hard drives and USB Drives, including Metadata as set forth in Section 6. In addition, files and folders produced from external drives and USB Drives must be produced with the embedded or internal serial number of the source drive (see field above called DriveID).

10.   **PRIVILEGE LOGS**

a. For each document withheld on the basis of privilege, the parties agree to include such document on a furnished log that complies with the legal requirements under federal law, but at a minimum will include the following information:

  i. A unique number for each entry on the log.
  ii. The date of document.  The parties should indicate what the date of the document signifies.  For example, this could be the sent date of the document or the last-modified or create date of the document.
  iii. The Author of the document.  For emails this should be populated with the metadata extracted from the "Email From" field associated with the file.  For loose ESI, this should be populated with the metadata extracted from the "Author" field; if such field contains generic information such as the company name, a party may substitute the information contained in the "Custodian" metadata field.
  iv. Recipient(s) of the document where reasonably ascertainable.  For emails this should be populated with the metadata extracted from the "Email To" field associated with the file.  Separate columns should be included for the metadata extracted from the "Email CC" and "Email BCC" fields, where populated.
  v. A description of why privilege is being asserted over the document.  This description should include information sufficient to identify if the document contained attachments over which privilege is also being asserted.
  vi. The type of privilege being asserted: (a) AC for Attorney/Client, (b) WP for Attorney Work Product, (c) CI for Common Interest.
  vii. The parties shall identify on their logs the counsel who is the basis of the privilege or work product claim where not otherwise apparent from the identifying information.

10

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: June 9, 2020  /s/ *Catherine Y. Lui*

Counsel for Plaintiff ExamWorks, LLC

Dated: June 5, 2020  /s/ *Daniel Benjamin Chammas*

Counsel for Defendants Todd Baldini, Stuart Girard, Pamella Tejada, and Abygail Bird

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: June 11, 2020  /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE