ROBERT S. SHWARTS (STATE BAR NO. 196803)
rshwarts@orrick.com
CATHERINE Y. LUI (STATE BAR NO. 239648)
clui@orrick.com
NATHAN SHAFFER (STATE BAR NO. 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:     +1 415 773 5700
Facsimile:      +1 415 773 5759

Attorneys for Plaintiff
ExamWorks, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| EXAMWORKS, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>     v.<br><br>TODD BALDINI, an individual, ABYGAIL BIRD, an individual, LAWRENCE STUART GIRARD, an individual, PAMELLA TEJADA, an individual, ROE CORPORATION, and DOES 1 through 10,<br><br>        Defendants. | Case No. 2:20-CV-00920-KJM-DB<br><br>**STIPULATION AND ORDER TO AMEND RULE 16 SCHEDULING ORDER**<br><br>Judge:    Hon. Kimberly J. Mueller<br>Place:    Courtroom 3, 15th floor |

1    Plaintiff ExamWorks, LLC, respectfully submits the following stipulation and proposed

2    order requesting that the Court extend the deadline for joinder of parties by 45 days from October

3    31, 2020, to December 10, 2020, to allow ExamWorks to complete third-party discovery and

4    settlement negotiations with third parties in order to avoid, to the extent possible, adding

5    additional parties to this lawsuit.  Defendants Todd Baldini, L. Stuart Girard, Pamella Tejada, and

6    Abygail Bird (collectively "Defendants") stipulate to the relief requested.

7    **A.    Background**

8    This action arises out of Defendants' prior employment with ExamWorks.  In Spring

9    2020, Defendants Girard and Tejada resigned from ExamWorks.  In the course of investigating

10   their departures, ExamWorks came to believe that they had taken significant information related

11   to ExamWorks' business, including information that ExamWorks considers to be its trade secrets.

12   Defendants Baldini's and Bird's employment was terminated shortly thereafter.  This action was

13   filed on May 4, 2020 (ECF No. 1), and on May 8, 2020, the Court granted ExamWorks' motion

14   and issued a Temporary Restraining Order and Order to Show Cause and ordered expedited

15   discovery (ECF No. 17).  On June 3, 2020, the Court granted ExamWorks' motion for

16   Preliminary Injunction.  ECF No. 45.

17   In connection with the Rule 16 scheduling conference held on August 20, 2020,

18   ExamWorks alerted the Court that ExamWorks planned to take third-party discovery of certain

19   business entities affiliated with Defendants.  ECF No. 86 (Jnt. Rpt.) at 8.  ExamWorks contends

20   that the relevant third parties, including Steven Feinberg, James Tuthill, William ("Bill") George,

21   Trisha Tuthill, Dunamis Alliance LLC ("Dunamis"), and/or Integrated Pain Management Group

22   ("IPM"), were all connected in one way or another with Defendants' departure from ExamWorks

23   and were connected to a scheme to misappropriate ExamWorks' trade secrets.  *See also* ECF No.

24   39 (Supp. Br.) at 2–5 (setting forth ExamWork's position and evidence that the identified third

25   parties were connected with a venture planned by Defendants).  A significant purpose of taking

26   third-party discovery was to determine what, if any, ExamWorks information was

27   misappropriated by third parties so that it could be returned to ExamWorks.  Lui Decl. ¶ 2.

28

STIP. & ORD. TO AMEND SCHED. ORD.
CASE NO. 2:20-CV-00920-KJM-DB

**B.      ExamWorks Diligently Pursued Information from Third Parties.**

Even prior to the start of formal discovery in this case, ExamWorks' counsel conferred with IPM, Bill George, Dunamis, Feinberg, and the Tuthills.  Lui Decl. ¶¶ 3–4.  ExamWorks made contact with IPM and Bill George[1]'s attorneys as early as May 15, 2020.  Lui Decl. ¶ 3.  ExamWorks began communicating with Dunamis's and the Tuthills' attorneys on June 5, 2020.  Lui Decl. ¶ 4.  ExamWorks provided notice to Feinberg that he must preserve evidence related to this suit on May 7, 2020, and again June 4, 2020, but did not receive a response until after he was served with a subpoena in August after discovery opened following the parties' Rule 26(f) conference.  Lui Decl. ¶ 5.  Since discovery formally opened, ExamWorks diligently pursued the discovery it needed from third parties in order to determine what, if any, additional defendants need to be added to this action before the joinder deadline set in the Court's Rule 16 order.  ECF No. 87.

**IPM/George.**  ExamWorks has been diligently negotiating production of information from IPM and George through their counsel.  ExamWorks was able to obtain limited discovery from IPM in the period from May 2020 through July 2020 through informal negotiation and cooperation from IPM and George.  The parties similarly began negotiating a forensic remediation protocol around that time to find and return any ExamWorks' information in IPM's or George's possession to ExamWorks.  Lui Decl. ¶ 3.  Although significant progress was made through informal discussions, negotiations slowed in August and ExamWorks served formal document request subpoenas on IPM and George on September 8, 2020, in order to diligently pursue the information it needs and avoid the delay that could result in the event a mutual agreement is not possible.  Lui Decl. ¶ 3.  On October 1, 2020, ExamWorks followed up with deposition subpoenas.  Lui Decl. ¶ 3.  Currently, ExamWorks anticipates finalizing a forensic protocol shortly; once the protocol is finalized, ExamWorks anticipates subpoena compliance next month and depositions to follow after document production.  Although agreement on search terms was reached, IPM requested and ExamWorks agreed to provide IPM additional time and an opportunity to further review the results of the electronic search for responsiveness.  Lui Decl. ¶

---

[1] George is the CEO of IPM. The same counsel represents IPM and George.

STIP. & ORD. TO AMEND SCHED. ORD.
CASE NO. 2:20-CV-00920-KJM-DB

3.  IPM's request will require additional time for compliance, but ExamWorks does not anticipate requiring Court assistance in enforcing the subpoenas.  Lui Decl. ¶ 3.  Once depositions are completed, ExamWorks expects to be able to quickly determine if either IPM or George should be added as defendants in this case.

**Dunamis/Tuthills.**  ExamWorks is diligently negotiating with Dunamis, James Tuthill, and Trisha Tuthill[2] regarding discovery.  ExamWorks served document subpoenas on Dunamis and James Tuthill on August 12, 2020, and they have since made an initial production of documents.  Lui Decl. ¶ 4.  ExamWorks is negotiating a date certain for Dunamis and James Tuthill to make a supplemental production of documents.  ExamWorks negotiated service of deposition subpoenas on Dunamis, James Tuthill, and Trisha Tuthill through their counsel, and the subpoenas were served on October 5, 2020.  Lui Decl. ¶ 4.  Although Dunamis and James Tuthill produced documents, ExamWorks' review determined that the production is incomplete and a supplemental production is required.  Lui Decl. ¶ 4.  Most recently, due to a personal family emergency, ExamWorks was informed that James Tuthill cannot sit for his deposition until November and that Mrs. Tuthill cannot provide a date certain yet for her deposition.  Once the supplemental production is completed and depositions occur, ExamWorks expects to be in a position to expeditiously determine if Dunamis or the Tuthills need to be added as defendants in this litigation.  Lui Decl. ¶ 4.

**Feinberg.**  ExamWorks is diligently negotiating with Feinberg, through his counsel, regarding third-party discovery.  ExamWorks served a document subpoena on Feinberg on August 12, 2020, and began interacting regularly with his retained counsel on August 21, 2020.  Lui Decl. ¶ 5.  Feinberg made a substantial production of documents in mid-September.  ExamWorks is currently working with his counsel to set a deposition date in the coming weeks and resolve any outstanding discovery issues attendant to the deposition by the end of the month.  Lui Decl. ¶ 5.  ExamWorks may have to file a motion to compel Dr. Feinberg's attendance at a deposition, and anticipates filing within the next week if agreement is not reached.

---

[2] James Tuthill is the President of Dunamis; his wife is Trisha Tuthill.  The same counsel represent Mr. and Mrs. Tuthill and Dunamis.

STIP. & ORD. TO AMEND SCHED. ORD.
CASE NO. 2:20-CV-00920-KJM-DB

As outlined with respect to each third party, ExamWorks has diligently sought information and discovery necessary to determine which, if any, third parties need to be added as defendants. However, before ExamWorks can make an informed decision as to joining additional parties to the suit, it must have complete document productions and depositions of the key third parties. In order to provide sufficient time to make a final determination, ExamWorks respectfully requests an extension of the deadline to join parties so that its negotiations with third parties can be completed.

**II.   LEGAL STANDARD**

The Court may upon a showing of good cause amend a Rule 16(b) scheduling order. Fed. R. Civ. P. 16(b)(4). "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

**III.   GOOD CAUSE EXISTS TO MODIFY THE RULE 16 ORDER**

ExamWorks participated in the initial case management conference and proposed a schedule jointly with Defendants that the Court largely adopted. ECF No. 86 (Jnt. Rpt.) at 11–12; ECF No. 87 (Scheduling Order). *Kuschner*, 256 F.R.D. at 688 (finding that participation in the scheduling conference and proposal of a schedule satisfies the first prong of the good cause inquiry). At the time of the scheduling conference, ExamWorks was in active discussions with counsel for IPM, George, Dunamis, and the Tuthills and anticipated resolving documentary discovery issues in a matter of weeks. Lui Decl. ¶ 3–4, 6. Feinberg had been served with a document subpoena, and there was no indication that his response would be delayed; ultimately, ExamWorks gave a two-week extension to Feinberg and received a substantial production. In addition, ExamWorks is conferring with Feinberg regarding his deposition. Lui Decl. ¶ 5. The October 31, 2020, deadline was proposed in good faith as a reasonable estimate of the amount of time necessary to complete ExamWorks' discussions with and investigation of third parties.

STIP. & ORD. TO AMEND SCHED. ORD.
CASE NO. 2:20-CV-00920-KJM-DB

1    Since the Court adopted the Rule 16 scheduling conference, however, a number of

2    unforeseen circumstances have arisen.  Discussions with IPM and George's counsel slowed, and

3    the parties entered into detailed negotiations regarding a forensic inspection and remediation

4    protocol designed to find and return any ExamWorks' information in IPM's or George's

5    possession.  Lui Decl. ¶ 3.  ExamWorks originally anticipated informally resolving these matters

6    but served both document and deposition subpoenas on IPM and George when the potential for

7    delay became apparent.  Lui Decl. ¶ 3.  Since serving the subpoenas, substantial progress was

8    made and ExamWorks, IPM, and George are close to a final agreement on a forensic protocol to

9    resolve outstanding discovery issues.  Due to IPM's request to review search term results before

10   they are produced to ExamWorks, however, that process will not be completed before October

11   31, 2020.  Lui Decl. ¶ 3.  Similarly, early cooperation from Dunamis and the Tuthills was

12   stalled—through no one's fault—due to a personal family emergency impacting the Tuthills,

13   making them unavailable for deposition until November.  Lui Decl. ¶ 4.

14   ExamWorks is also diligent in seeking a modification to the scheduling order.  This

15   request is being made weeks before the October 31, 2020, deadline expires.  When it became

16   apparent that the deadline was implicated by events arising in third-party discovery, ExamWorks

17   obtained Defendants' stipulation and sought to amend the order weeks before the deadline

18   expired.  *See Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008)

19   (finding good cause where the party seeking modification moved quickly to obtain a stipulation

20   and seek modification of the scheduling order).  Additionally, the purpose of extending the

21   deadline is not to delay or otherwise prolong the litigation, but rather to resolve potential claims

22   against third parties without requiring litigation.  *See Nelson v. Bennett*, 662 F. Supp. 1324, 1334

23   (E.D. Cal. 1987) (recognizing an "overriding public interest in settling and quieting litigation").

24   After review of the document productions and the depositions of these third parties, ExamWorks

25   will be able to make informed decisions as to whether any third parties must be joined and will

26   also potentially resolve disputes outside of litigation to the extent possible.  Resolving third-party

27   claims outside formal litigation will also expedite resolution of this case by streamlining the

28   issues, limiting the number of parties, and allowing ExamWorks and Defendants to focus on

- 5 -

resolving their disputes in an expeditious manner.

**IV.     CONCLUSION**

For the foregoing reasons, ExamWorks respectfully requests that the Court extend the deadline to join parties, deadline by 45 days to December 10, 2020.

Dated: October 9, 2020                                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _/s/ Robert S. Shwarts_
ROBERT S. SHWARTS
Attorneys for Plaintiff
ExamWorks, LLC

STIPULATED AS TO THE RELIEF REQUESTED:

Dated: October 9, 2020                                    FORD HARRISON LLP

By: _/s/ Daniel C. Chammas_
(as authorized on 10/9/2020)
DANIEL C. CHAMMAS
Attorneys for Defendants Todd Baldini, L.
Stuart Girard, Pamella Tejada, and
Abygail Bird

After considering the foregoing stipulated request to modify the scheduling order in this case, and good cause appearing, the Court GRANTS the request to modify the scheduling order and extends the deadline to join parties to December 10, 2020.

IT IS SO ORDERED.

DATED:   October 21, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE