1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EXAMWORKS, a Delaware limited          No.  2:20-CV-00920-KJM-DB
     liability company,
                                            <u>ORDER</u>
12                    Plaintiff,
13            v.

14   TODD BALDINI, et al.,

15                    Defendants.

16            Defendants L. Stuart Girard, Todd Baldini, Pamella Tejada and Abygail Bird

17   (collectively "defendants") move to stay this court's June 3, 2020 order granting ExamWorks'

18   motion for a preliminary injunction pending appeal.  The court advised counsel that it was

19   denying the motion at hearing on August 20; this order confirms and explains the DENIAL of

20   defendants' motion to stay.

21   I.       <u>BACKGROUND</u>

22            The court previously set forth the factual and procedural history of this matter in

23   its June 11, 2020 order, ECF No. 66, in which it explained its June 3, 2020 order, ECF No. 45,

24   granting plaintiff's motion for preliminary injunction; the court incorporates that history by

25   reference here.  June 11 Order, ECF No. 66, at 2–7.  On June 8, 2020, defendants filed their ex

26   parte application for stay of the preliminary injunction pending appeal, ECF No. 49; defendants

27   opposed the stay, ECF No. 62.

28

1    II.    LEGAL STANDARD

2              "A stay is not a matter of right, even if irreparable injury might otherwise result"

3    to the appellant.  *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United*

4    *States*, 272 U.S. 658, 672 (1926)).  A stay is "an exercise of judicial discretion, and the propriety

5    of its issue is dependent upon the circumstances of the particular case."  *Id.* at 433 (internal

6    quotation marks, alterations omitted).  The standard for evaluating stays pending appeal "is

7    similar to that employed by district courts in deciding whether to grant a preliminary injunction."

8    *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983).  Four considerations govern judicial

9    discretion in ruling on a motion to stay: "whether the stay applicant has made a strong showing

10   that he is likely to succeed on the merits; whether the applicant will be irreparably injured absent

11   a stay; whether issuance of the stay will substantially injure the other parties interested in the

12   proceeding; and where the public interest lies."  *Hilton v. Braunskill*, 481 U.S. 770, 770–71

13   (1987).

14   III.    DISCUSSION

15             Defendants argue in their motion for a stay that (1) they are likely to succeed on

16   the merits of challenging the injunction's "Conducting Business Provision,"[1] (2) they will be

17   irreparably harmed in the absence of a stay, (3) plaintiff will not be substantially injured if the

18   "Conducting Business Provision" is stayed, and (4) a stay of the preliminary injunction is in the

19   public's interest.  Defs.' Stay Appl., ECF No. 49.  Defendants also argue the injunction's "Cost

20   Allocation Provision"[2] should be stayed pending appeal because (1) they will be irreparably

21

22        [1] "Defendants are hereby enjoined from conducting business with any individual or entity
     that did business with ExamWorks before defendants stopped working there to the extent those
23   individuals or entities are identified in the bundle of trade secret materials misappropriated by
     defendants, including, without limitation, curated lists identifying ExamWorks' clients, medical
24   providers, and doctors; provided however that defendants are not precluded from lawfully
     announcing their new employment as long as any announcement does not make use of plaintiff's
25   trade secrets." June 3, 2020 Order ¶ 6.

26        [2] "[D]efendants have not at this point overcome the presumption that, as the responding
     parties to plaintiff's discovery requests they must bear the expense of compliance, including the
27   costs to have the forensic expert identify responsive information contained in the voluminous
     electronic material defendants have produced." June 3 Order at 4–5.

28

1   harmed in the absence of a stay, (2) plaintiff will not be harmed by having to pay for electronic

2   discovery while the appeal is pending, and (3) staying the "Cost Allocation Provision" does not

3   implicate the public interest. *Id.*

4          In response, plaintiff argues the court properly granted the motion for a

5   preliminary injunction, and that plaintiff has raised serious questions going to the merits of its

6   claims and it is likely to prevail on the merits of those claims. Opp'n, ECF No. 62. Additionally,

7   plaintiff argues there is no competent evidence supporting defendants' claim of financial hardship

8   and defendants cannot be irreparably harmed by a forensic discovery protocol they negotiated and

9   agreed to. *Id.*

10         Defendants have filed their request for a stay as a prerequisite to requesting a stay

11  from the appellate court. Defs.' Stay Appl. at 9 n.1 (noting court recently rejected many

12  arguments they are making); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006 n.5 (9th Cir. 2020) ("A

13  party may move this court for a stay pending appeal if it first sought a stay in the district court,

14  and the court 'denied the motion or failed to afford the relief requested.' Fed. R. App. P.

15  8(a)(2)(A)(ii)."). On June 24, defendants moved for a stay in the Ninth Circuit Court of Appeals.

16  *See* Ninth Cir. Docket No. 20-16125; Dkt. No. 14.[3] On July 24, the Circuit denied defendants'

17  motion to stay this court's preliminary injunction order pending appeal. *Id.*, Dkt. No. 29.

18         A.    Likelihood of Success

19         Defendants first argue an injunction cannot prohibit defendants from conducting

20  any business with customers whose identity plaintiff considers trade secret unless proof exists

21  defendants have already solicited those particular customers. Defs.' Stay Appl. at 9; *id.* at 14

22  ("Defendants sought to market their services to a combined contact lists [sic] of California

23  applicant attorneys. Specifically, Girard asked Tejada to combine the applicant attorney contact

24  list of Dr. Steven Feinberg, with the contact list of his new employer, Integrated Pain

25  Management ('IPM')"). Plaintiff responds that the bulk of defendants' argument is based on

26  factual misrepresentations by defendants Tejada and Girard in an attempt "to get around the

27  _____

28         [3] "Dkt. No." refers to the docket number entry for the Ninth Circuit U.S. Court of Appeals
     electronic filing system.

1    devastating admission that [Girard] used a list containing 150,000 of ExamWorks' trade secret

2    client records to solicit ExamWorks' clients."  Opp'n at 5–6; *see* Tejada Suppl. Decl., ECF

3    No. 42; Girard Suppl. Decl., ECF No. 43.

4                In its June 11 Order, the court explained its balancing of the law of trade secret

5    protection with the defendants' right to fairly engage in their chosen professions, if they do so

6    lawfully.  *See* June 11 Order at 10–16.  The court found that the factual record supported its

7    conclusion that defendants not only acquired but also have used plaintiff's legitimate trade secret

8    information without consent or other lawful authorization.  June 11 Order at 16–20.  Defendants

9    have raised no new arguments here, or pointed to any new evidence that causes this court to

10   reevaluate its prior conclusions regarding the merits of plaintiff's claims.

11       B.    Irreparable Harm

12               Defendants argue the "Conducting Business Provision" of the preliminary

13   injunction makes it impossible for defendants to work in their Medical-Legal fields related to the

14   provision of services in connection with California's Workers' Compensation system, State

15   Disability and the insurance industry generally, if the injunction is enforced during their appeal.

16   Defs.' Stay Appl. at 21.  Defendants also argue the injunction cuts them off from communication

17   with "[a]ll potential customers, clients, and vendors" because they have to assume everyone is on

18   "the hidden list of individuals and entities that have done business with ExamWorks before."

19   *Id*. at 22.  They say the overly restrictive condition has caused Baldini and Girard to be fired from

20   their new company, IPM, and Tejada is on the brink of termination from her employer, Dunamis.

21   *See id.* at 21.  In opposition, plaintiff argues no evidence of record explained why IPM terminated

22   Baldini and Girard's employment, Opp'n at 10–11; while Tejada alleges she fears termination,

23   *see* Tejada Decl. ¶ 3, ECF No. 49-2, her statement is speculative and unsupported, Opp'n at 11.

24   Plaintiff asserts the court's preliminary injunction is narrow in scope because it enjoins

25   defendants from engaging in solicitation with individuals only "to the extent those individuals or

26   entities are *identified* in the bundle of trade secrets misappropriated by defendants," Opp'n at 11

27   (quoting June 3, 2020 Order, ¶ 6, ECF No. 45 (emphasis in original)), and this provision is

28   "narrower than the comparable injunctions issued in cases like *Morlife, Inc. v. Perry* that enjoined

4

1    the defendants from doing business with *any* customer of the trade secret owner they learned

2    about in the course of their employment whether they were identified in the stolen trade secrets or

3    not." Opp'n at 11 (emphasis in original) (quoting *Morlife, Inc. v. Perry*, 56 Cal. App. 4th 1514,

4    1528 (1997)).

5            Based on the totality of the record, defendants' argument based on economic

6    harm does not support a stay in this case.  The court previously has explained its reasoning,

7    including defendants' sparse record, and noted it is "not unsympathetic to [defendants' financial]

8    obligations." June 11 Order at 25.  The record has not changed since the court concluded

9    defendants had not substantiated their claims of economic hardship. *Id*. (citing Holley Decl.,

10   Ex. E, ECF 21-2, at 19–20 (identifying generalized costs and risks in plan for "Project Palo Alto"

11   without providing details on any defendants' particularized financial hardship)).  If defendants

12   had argued that plaintiff should post a bond in connection with the court's issuance of the

13   preliminary injunction, that request could have included financial details allowing an assessment

14   of harm; but defendants have never sought a bond as insurance in the event plaintiff ultimately

15   does not prevail. *See Garrett v. City of Escondido*, 465 F. Supp. 2d 1043, 1059 (S.D. Cal. 2006)

16   (noting purpose of bond is to protect "adversary from loss in the event that future proceedings

17   prove that the injunction issued wrongfully.").  Even now, defendants have not verified details

18   regarding their loss of employment and what that means for their personal finances and their

19   ability to maintain their housing and other expenses and feed their families.  The court finds

20   defendants have not demonstrated they will be irreparably harmed in the absence of a stay.

21           C.    <u>Injury to Plaintiff</u>

22           As this court has previously concluded, plaintiff would have suffered irreparable

23   and immediate injury if defendants were not enjoined from using the trade secrets they

24   misappropriated.  Opp'n at 20; June 3 Order ¶ 3, ECF No. 45, at 3.  Plaintiff now contends

25   defendants effectively concede plaintiff will suffer irreparable harm absent the preliminary

26   injunction, because defendants contest only the scope of injunctive relief and not the proprietary

27   of the injunction overall.  Opp'n at 21.  Here again the court finds the evidence of plaintiff's

28   injury weighs against granting a stay.

1        D.      Public Interest

2                Defendants argue staying the injunction is in the public interest because, as it

3        stands, the injunction "turns section 16600 on its head." Defs.' Stay Appl. at 23 (citing *Latona v.*

4        *Aetna United States Healthcare,* 82 F. Supp. 2d 1089, 1096–97 (C.D. Cal. Sep. 29, 1999)).

5        Plaintiff counters by citing to this court's twice finding injunctive relief is supported by the public

6        interest. Opp'n at 21 (citing TRO at 3; June 3 Order, at 3). Indeed, the court has previously

7        noted, "[w]here the requested injunction will restrain only the Former Employees' unlawful use

8        of ExamWorks' trade secrets, the public interest in these circumstances favors issuance of the

9        injunction." June 11 Order at 24. Nothing causes the court to reconsider this conclusion, and so

10       this factor as well weighs against a stay.

11               Weighing all four factors, the court finds they tip in favor of plaintiff.

12       E.      Discovery Costs

13               As noted, defendants also argue they will suffer (1) irreparable harmed in the

14       absence of a stay of the "Cost Allocation Provision" pending appeal, (2) plaintiff will not be

15       harmed by having to pay for electronic discovery while the appeal is pending, and (3) staying the

16       "Cost Allocation Provision" does not implicate the public interest. Defs.' Stay Appl. at 23–26.

17       Plaintiff counters defendants cannot be irreparably harmed by a forensic protocol they negotiated

18       and to which they agreed. Opp'n at 21 (citing Lui Decl. ¶¶ 2–11, ECF No. 27-2, at 2–5

19       (describing process by which plaintiff conferred with defendants' counsel, Daniel Chammas, to

20       reach agreement on protocol)); Lui Decl., Ex. A ("Forensic Inspection Protocol Agreement"),

21       ECF No. 27-2, at 12 ("The Forensic Neutral will maintain in confidence all Repositories and/or

22       images of such repositories, and disclose its work only to the extent authorized by this Protocol or

23       a further agreement between the parties, or as ordered by the Court.").

24               Defendants present no arguments other than those the court previously has

25       considered, *see* June 11 Order at 25–26, and so the court denies defendants' motion to stay the

26       cost allocation provision pending appeal.

27       /////

28       /////

1    IV.   <u>CONCLUSION</u>

2              The motion seeking a stay is DENIED.  This order resolves ECF No. 49.

3              IT IS SO ORDERED.

4    DATED:  October 28, 2020.

5

6

7                                                    CHIEF UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7