ROBERT S. SHWARTS (STATE BAR NO. 196803)
rshwarts@orrick.com
CATHERINE Y. LUI (STATE BAR NO. 239648)
clui@orrick.com
NATHAN SHAFFER (STATE BAR NO. 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Plaintiff
ExamWorks, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EXAMWORKS, a Delaware limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>TODD BALDINI, an individual, ABYGAIL BIRD, an individual, LAWRENCE STUART GIRARD, an individual, PAMELLA TEJADA, an individual, ROE CORPORATION, and DOES 1 through 10,<br><br>   Defendants. | Case No. 2:20-CV-00920-KJM-DB<br><br>**SECOND STIPULATION/ STATEMENT OF NON-OPPOSITION AND ORDER TO AMEND RULE 16 SCHEDULING ORDER DUE TO THIRD PARTY DISCOVERY**<br><br>Judge:  Hon. Kimberly J. Mueller<br>Place:  Courtroom 3, 15th floor |

Plaintiff ExamWorks, LLC ("ExamWorks") respectfully submits the following second stipulation and proposed order, requesting the Court continue the deadline for joinder of third party and fact discovery deadline as to third-parties Integrated Pain Management ("IPM") and William George (collectively "IPM Parties") only. Currently, the deadline for joinder of additional parties is December 10, 2020 and fact discovery closes on December 28, 2020. ECF No. 104; ECF No. 87. As to third parties other than the IPM Parties and as to the parties in this action, ExamWorks does not request any continuance for joinder or fact discovery. However, the IPM Parties and ExamWorks entered into an extensive forensic inspection protocol, which will not be completed by December 10, 2020. Accordingly, ExamWorks requests a 35-day continuance of the joinder deadline from December 10 to January 14, 2021 and a 17-day continuance of the fact discovery cut-off from December 28 to January 14, 2021 to allow ExamWorks to complete discovery and settlement negotiations with the IPM Parties in order to avoid, to the extent possible, adding additional parties to this lawsuit. As a result of the requested continuance as to the IPM Parties, ExamWorks also requests that the deadlines associated with expert discovery and the hearing of dispositve motions as to all parties are also continued 30 additional days.

Previously, the Court granted the parties' stipulation and proposed order to amend the scheduling order to continue the joinder deadlines as to third parties until December 10, 2020. ECF No. 104. Since the Court's entry of the stipulation, ExamWorks has diligently pursued discovery as to the third parties. ExamWorks anticipates meeting the December 10 joinder deadline as to third parties Dr. Steven Feinberg, Dunamis Alliance, James Tuthill, and Trisha Tuthill. However, as to the IPM Parties, ExamWorks requires additional time. ExamWorks entered into a lengthy forensic inspection protocol with the IPM Parties, which directed a jointly-retained forensic neutral to preserve, collect, and produce documents, provide forensic opinions, and remediate ExamWorks' confidential documents. There have been unanticipated technical issues with the completion of the forensic protocol, which will require additional time for the protocol to complete. As a result, ExamWorks will not have the benefit of a completed forensic inspection before the December 10 joinder deadline; ExamWorks will also be unable to depose

the IPM Parties prior to the joinder deadline. The IPM Parties and ExamWorks are working together in good faith to complete the forensic inspection efficiently, but ExamWorks require a short continuance to allow: (i) the forensic neutral to complete the forensic inspection and production of documents; (ii) ExamWorks sufficient time to review the produced documents and the forensic neutral's reports, and complete the depositions of the IPM Parties; and (iii) to provide sufficient time for the IPM Parties and ExamWorks to see if a potential resolution may be reached without having to add the IPM Parties to the litigation.

The requested continuance of the joinder and fact discovery deadlines are to the IPM Parties only. ExamWorks is not requesting a continuance as to the joinder deadline or as to fact discovery cut-off for any other party or third parties other than the IPM Parties. However, due to the requested continuance of deadlines related to the IPM Parties, ExamWorks further requests that the expert discovery and dispositve motion hearing deadlines currently set in the case schedule are continued by 30 days since the discovery of the IPM Parties will likely impact the disclosure of expert opinions.

Defendants Todd Baldini, L. Stuart Girard, and Abygail Bird stipulate to the relief requested.

Defendant Pamella Tejada does not oppose ExamWorks' requested relief but takes no position with respect to the contents of this motion or the representations made herein.

**A.    <u>Background</u>**

This action arises out of Defendants' prior employment with ExamWorks. In Spring 2020, Defendants Girard and Tejada resigned from ExamWorks. In the course of investigating their departures, ExamWorks came to believe that they had taken significant information related to ExamWorks' business, including information that ExamWorks considers to be its trade secrets. Defendants Baldini's and Bird's employment was terminated shortly thereafter. This action was filed on May 4, 2020 (ECF No. 1), and on May 8, 2020, the Court granted ExamWorks' motion and issued a Temporary Restraining Order and Order to Show Cause and ordered expedited discovery (ECF No. 17). On June 3, 2020, the Court granted ExamWorks' motion for Preliminary Injunction. ECF No. 45.

In connection with the Rule 16 scheduling conference held on August 20, 2020, ExamWorks alerted the Court that ExamWorks planned to take third-party discovery of certain business entities affiliated with Defendants. ECF No. 86 (Jnt. Rpt.) at 8. ExamWorks contends that the relevant third parties, including Steven Feinberg, James Tuthill, William George, Trisha Tuthill, Dunamis Alliance LLC ("Dunamis"), and/or IPM were all connected in one way or another with Defendants' departure from ExamWorks and were connected to a scheme to misappropriate ExamWorks' trade secrets. *See also* ECF No. 39 (Supp. Br.) at 2–5 (setting forth ExamWork's position and evidence that the identified third parties were connected with a venture planned by Defendants). A significant purpose of taking third-party discovery was to determine what, if any, ExamWorks information was misappropriated by third parties so that it could be returned to ExamWorks. Suppl. Decl. of Catherine Y. Lui ("Suppl. Lui Decl."), filed concurrently herewith, ¶ 2.

### B. ExamWorks Diligently Pursued Information from Third Parties.

As discussed in the parties' first Stipulation and Proposed Order to Amend Scheduling Order (hereinafter "First Stipulation"), ECF No. 100, ExamWorks diligently pursued third party discovery from Dunamis, the Tuthills, Dr. Feinberg, and the IPM Parties. ExamWorks incorporates by reference pages two through four of its First Stipulation as if stated herein. *See* ECF No. 100 at 2-4. As to Dr. Feinberg, Dunamis, and the Tuthills, ExamWorks anticipates that it will be able to meet the December 10 joinder deadline to complete discovery and finish the evaluation of whether it will join these third parties to the action. Suppl. Lui Decl. ¶ 3.

As to the IPM Parties—as discussed in the First Stipulation—ExamWorks and the IPM Parties were conferring on an extensive forensic inspection protocol to collect, preserve, and produce documents responsive to ExamWorks' subpoenas to the IPM Parties, and to remediate ExamWorks' trade secrets and confidential information from the IPM Parties' electronic devices and accounts after ExamWorks' review of the documents. ECF No. 100-1 ¶ 3; Suppl. Lui Decl. ¶ 4.

At the time of the filing of the First Stipulation on October 9, 2020, ExamWorks anticipated finalizing the forensic protocol with the IPM Parties in October 2020. ECF No. 100-1

1  ¶ 3.  ExamWorks and the IPM Parties agreed to the forensic protocol in principle on October 15, 2020, and began discussions with the parties' jointly-selected forensic neutral, Michael Bandemer of Berkeley Research Group, on October 20, 2020.   Suppl. Lui Decl ¶ 4; Decl. of J. Maxwell Cooper ("Cooper Decl."), filed concurrently herewith, ¶ 3.  The protocol requires the forensic neutral to collect, preserve, inspect, and produce documents from 13 custodians' IPM email accounts, their associated IPM cloud accounts, Mr. George's personal email account, and the custodians' computers.  Suppl Lui Decl. Ex. A at 9-14.  In the protocol, the parties negotiated a set of search terms and an expedited time frame for the IPM Parties to review and produce responsive documents.  *Id.* Ex. A at 5-6, 9-14.  As a result, there are 43 total accounts, devices, or repositories that the forensic neutral will have to collect, process, search, and inspect.  Suppl. Lui Decl., Ex. B at 5-6.

Since October 15, the IPM Parties began working with IPM's IT department in managing the logistics of providing 13 computers—including the computers for 11 current employees—for inspection.  Cooper Decl. ¶¶ 3-4.  These custodians live in different parts of California as well as Portland, Oregon.  *Id.* ¶ 3.  The coordination of these devices for preservation and collection has been made more difficult by the Covid-19 pandemic as in-person collection has not been possible for all of these custodians.  *Id.* ¶ 4.  While the forensic collection and inspection is currently underway, there have been some unanticipated delays in the forensic process.

It took the IPM Parties a few weeks to produce the majority of the computers and accounts for forensic inspection as there were difficulties in managing the logistics for this effort, particularly during a pandemic and in finding acceptable solutions to minimize the burden to the IPM employees to be without their work computers for some time.  Cooper Decl. ¶¶ 3-4.  Originally, the IPM Parties were going to produce the laptops for collection at their offices in Walnut Creek, California on November 17 and 18, 2020 because most of the custodians were gathering for a meeting then.  *Id.* ¶ 4.  ExamWorks expressed concern that these dates were too much delay for the collection of the custodians' computers and urged the IPM Parties to provide the laptops at an earlier date.  *Id.*; Suppl Lui Decl. ¶ 6.  The IPM Parties began providing laptops for collection on November 10-12.  Cooper Decl. ¶ 4.  In addition, there have been custodians'

1  personal files that had to be remotely collected and the forensic neutral was unable to properly
2  collect the Mac laptop of one custodian and had to re-collect the laptop on November 23-24.  *Id*.
3        The IPM Parties provided the forensic neutral with the proper set of credentials for
4  collection of IPM's Office 365 emails on November 5.  Cooper Decl. ¶ 5.  After the collection of
5  the email accounts, the forensic neutral ran search terms on the email accounts and informed the
6  parties that some search terms were producing voluminous search results.  Suppl. Lui Decl. ¶ 7;
7  Cooper Decl. ¶ 5.  As a result, further investigation by the forensic neutral was required, and the
8  parties conferred to edit the search terms to limit the search term results to a reasonable set of
9  potentially responsive documents.  Suppl. Lui Decl. ¶ 7; Cooper Decl. ¶ 5.  Per the protocol, the
10  search term results are produced first to the IPM Parties so that they may review the results for
11  privilege, confidentiality, and responsiveness (depending on the custodian), and then the IPM
12  Parties will instruct the forensic neutral to release the non-privileged documents to ExamWorks
13  for review.  Suppl. Lui Decl. ¶ 7; *see also id.* Ex. A at §8(2); Cooper Decl. ¶ 6.
14        On November 17, 2020, the forensic neutral produced more than 30,000 documents to the
15  IPM Parties for their review.  Suppl. Lui Decl. Ex. B at 5; Cooper Decl. ¶ 6.  Per the protocol, the
16  IPM Parties are to produce non-privileged documents from Defendants Todd Baldini and Stuart
17  Girard's accounts to ExamWorks within one week and within 17 days for the remaining 11
18  custodians.  Suppl Lui Decl. Ex. A at §8(2); Cooper Decl. ¶ 6.  However, during the course of the
19  IPM Parties' review, they discovered that the forensic neutral did not collect documents from the
20  custodian's OneDrive cloud accounts due to an error in the credentials provided to the neutral; the
21  forensic neutral later collected these accounts and will provide updated search results to the IPM
22  Parties for their review.  Cooper Decl. ¶ 6; Suppl. Lui Decl. Ex. B at 5-6.  In addition, there was a
23  mistake where emails and attachments to emails were not always produced to the IPM Parties.
24  Cooper Decl. ¶ 6.  As a result, the IPM Parties are producing certain documents related to
25  Defendants Baldini and Girard one day late, and may need additional time to produce documents
26  for the remaining custodians within the time allotted for by the protocol.  *Id*.
27        The forensic expert is also continuing to produce documents to the IPM Parties for review
28  from additional devices and accounts.  Cooper Decl. ¶ 6.  Currently, the total number of

1  documents is more than 50,000 for the IPM Parties to review.  *Id.*; Suppl, Lui Decl. Ex. B at 5-6.
2  There are still over 20 accounts, devices, and repositories that are being searched and the
3  document results have not yet been produced to the IPM Parties.  Cooper Decl. ¶ 6; Suppl. Lui
4  Decl. Ex. B at 5-6.

5  In addition, the forensic neutral has not yet provided any documents produced from the
6  OneDrive cloud accounts for the IPM custodians as those accounts are still being processed.
7  Suppl. Lui Decl. Ex. B at 5-6.  Further, the protocol calls for the forensic neutral to inspect the
8  devices and provide opinions as to any potential spoliation and whether any devices or accounts
9  that may contain responsive information were not produced; the forensic neutral has also yet to
10 provide forensic opinions as to any of the computers.  Suppl Lui Decl. Ex. A at ¶ 1; *id.* Ex. B at 3.
11 The forensic neutral anticipates providing the remainder of the documents to the IPM Parties for
12 review by November 28.  Suppl. Lui Decl. Ex. B at 3; Suppl. Lui Decl. ¶ 8.  Because the IPM
13 Parties have to first review the documents before allowing the forensic neutral to produce those
14 documents to ExamWorks, the forensic protocol will not be completed before the December 10,
15 2020 joinder deadline.  Suppl. Lui Decl. ¶ 8.

16 In sum, while ExamWorks and the IPM Parties have been working in good faith to timely
17 finish the forensic inspection protocol, the full forensic inspection and production will not be
18 completed by December 10.   Suppl.  Lui Decl. ¶ 8; Cooper Decl. ¶ 6.  And ExamWorks will not
19 be able to conduct the depositions of Mr. George and IPM until after it finishes its review of the
20 documents produced by the IPM Parties and the reports by the forensic neutral.  Suppl.  Lui Decl.
21 ¶ 8.  As a result of the delays and the time it will take to complete the forensic inspection of the
22 IPM Parties, the IPM Parties have agreed to produce Mr. George and the IPM corporate
23 representative for deposition in early January; the IPM Parties further do not object to
24 ExamWorks seeking this continuance of the joinder deadline.  Cooper Decl. ¶ 7; Suppl. Lui Decl.
25 ¶ 9.  Both ExamWorks and the IPM Parties anticipate discussing potential resolution of any
26 potential litigation after the completion of the depositions.  Cooper Decl. ¶ 7; Suppl. Lui Decl. ¶
27 9.  In addition, the Defendants have stipulated to this relief as well.

28 As outlined above, ExamWorks has diligently sought information and discovery necessary

to determine whether they need to be added as defendants. However, before ExamWorks can make an informed decision as to joining the IPM Parties to the suit, it must have complete document productions, the forensic neutral's opinions, and depositions of the IPM Parties. In order to provide sufficient time to make a final determination, ExamWorks respectfully requests an extension of the deadline to join parties as to the IPM Parties so that its discovery of and the negotiations with the IPM Parties can be completed.

## II.     LEGAL STANDARD

The Court may upon a showing of good cause amend a Rule 16(b) scheduling order. Fed. R. Civ. P. 16(b)(4). "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

## III.    GOOD CAUSE EXISTS TO MODIFY THE RULE 16 ORDER

ExamWorks participated in the initial case management conference and proposed a schedule jointly with Defendants that the Court largely adopted. ECF No. 86 (Jnt. Rpt.) at 11–12; ECF No. 87 (Scheduling Order). *Kuschner*, 256 F.R.D. at 688 (finding that participation in the scheduling conference and proposal of a schedule satisfies the first prong of the good cause inquiry). As discussed in the First Stipulation, at the time of the scheduling conference, ExamWorks was in active discussions with counsel for IPM, George, Dunamis, and the Tuthills and anticipated resolving documentary discovery issues in a matter of weeks. ECF No. 100 at 2-4; ECF No. 100-1 ¶¶ 3–4, 6. The October 31, 2020, deadline was proposed in good faith as a reasonable estimate of the amount of time necessary to complete ExamWorks' discussions with and investigation of third parties. When it became clear that ExamWorks required more time for third party discovery due to a number of unforeseen circumstances, ExamWorks timely sought relief to continue the October 31 joinder deadline to December 10, 2020. *See* ECF No. 100. The Court granted the stipulation on October 22, 2020. ECF No. 104.

Since the Court's order granting the First Stipulation, ExamWorks is on track to meet the December 10 joinder deadline as to Dunamis, the Tuthills, and Dr. Feinberg.  Suppl, Lui Decl. ¶ 3.  However, ExamWorks requests an additional short continuance for the joinder deadline and fact discovery cut-off as to the IPM Parties only due to a number of unanticipated technical difficulties that have slowed the completion of the forensic protocol.

First, it took the IPM Parties until November 10 to deliver most of the laptops for forensic imaging and forensic imaging of all the computers did not finish until November 24.  Cooper Decl. ¶¶ 3-4; Suppl. Lui Decl. Ex. B at 5-6.  Second, some search terms produced voluminous results and the parties had to confer to edit the search terms.  Suppl. Lui Decl. ¶ 7.  That resulted in additional delay and the forensic neutral did not produce the initial search term results of the 13 custodians' email accounts to the IPM Parties for review until November 17.  Suppl. Lui Decl. ¶ 7; Cooper Decl. ¶¶ 5-6.

Third, the forensic neutral had to collect additional accounts and correct certain technical errors.  During the course of the review, the IPM Parties discovered that there were missing emails and attachments, which the forensic neutral resolved.  Cooper Decl. ¶ 6; Suppl. Lui Decl Ex. B at 3.  Further, the parties discovered that due to an error in credentials provided to the forensic neutral, the forensic neutral had not collected the OneDrive accounts for these 13 custodians.  Cooper Decl. ¶ 6.  As a result, there will be additional processing, searching, and producing of documents from these accounts.  *Id.*  Due to these unanticipated technical issues, the IPM Parties may not be able to produce the documents to ExamWorks on the deadlines required by the forensic protocol and one production will be at least one day late.  *Id.*  Fourth, the forensic neutral is still processing the majority of the computers and the OneDrive cloud accounts and has not yet provided any forensic opinions about the computers.  Suppl. Lui Decl. Ex. B at 3; 5-6.  Currently, none of the OneDrive accounts have been processed or searched for documents.  Suppl. Lui Decl. Ex. B at 3; 5-6.  While the forensic neutral may finish the production of documents to the IPM Parties by November 28 or earlier, when the forensic neutral produces those documents to the IPM Parties, ExamWorks must wait until the IPM Parties complete their review of documents before the forensic neutral may produce non-privileged documents to

1  ExamWorks.  Suppl. Lui Decl. ¶ 8.  As a result, the forensic protocol will not be completed by
2  December 10.  *Id.*

3  ExamWorks is also diligent in seeking a modification to the scheduling order.  This
4  request is being made weeks before the December 10, 2020 deadline expires and the joinder and
5  fact discovery requested relief is limited to the IPM Parties only.  When it became apparent that
6  the deadline was implicated by events arising by the forensic protocol, ExamWorks obtained
7  Defendants' stipulation and sought to amend the order weeks before the deadline expired.  Suppl.
8  Lui Decl. ¶ 10.  *See Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal.
9  2008) (finding good cause where the party seeking modification moved quickly to obtain a
10 stipulation and seek modification of the scheduling order).  Additionally, the purpose of
11 extending the deadline is not to delay or otherwise prolong the litigation, but rather to resolve
12 potential claims against third parties without requiring litigation.  *See Nelson v. Bennett*, 662 F.
13 Supp. 1324, 1334 (E.D. Cal. 1987) (recognizing an "overriding public interest in settling and
14 quieting litigation").  After review of the document productions and the depositions of the IPM
15 Parties, ExamWorks will confer with the IPM Parties to see if a potential resolution can be
16 reached outside of litigation.  Suppl. Lui Decl. ¶ 9; Cooper Decl. ¶ 7.  Resolving third-party
17 claims outside formal litigation will also expedite resolution of this case by streamlining the
18 issues, limiting the number of parties, and allowing ExamWorks and Defendants to focus on
19 resolving their disputes in an expeditious manner.

20 Because ExamWorks' requested relief as to the IPM Parties does impact fact discovery,
21 ExamWorks also seeks a 30-day continuance of all expert discovery and dispositve motion
22 deadlines.  The IPM Parties will likely provide discovery that ExamWorks' experts will reply
23 upon for their opinions, and therefore, a continuance of those deadlines is required.  Suppl. Lui
24 Decl ¶ 10.  The below table demonstrates the new deadlines from ExamWorks' requested relief:

| Event | Current Deadline | Requested New Deadline |
|---|---|---|
| Joinder of Additional Parties | December 10, 2020 | January 14, 2021 as to the IPM Parties only |
| Fact Discovery Cut-Off | December 28, 2020 | January 14, 2021 as to the IPM Parties only |
| Expert Disclosures | January 11, 2021 | February 10, 2021 as to all |

| | | parties |
|---|---|---|
| Rebuttal Expert Witnesses | February 1, 2021 | March 3, 2021 as to all parties |
| Expert Discovery Cut-Off | February 19, 2021 | March 22, 2021 as to all parties |
| Last day for hearing all dispositve motions, except for motions for continuances, temporary restraining orders or other emergency applications | May 7, 2021 | June 7, 2021 as to all parties |

## IV. CONCLUSION

For the foregoing reasons, ExamWorks respectfully requests that the Court extend the deadline to join the IPM Parties from December 10, 2020 to January 14, 2021. ExamWorks further requests fact discovery to continue from December 28, 2020 to January 14, 2021 as to the IPM Parties only, and that all other expert discovery and dispositve motion hearing deadlines are continued 30 days from the original deadlines as to all parties.

Dated: November 25, 2020                    ORRICK, HERRINGTON & SUTCLIFFE LLP

                                            By: */s/ Robert S. Shwarts*
                                                ROBERT S. SHWARTS
                                                Attorneys for Plaintiff
                                                ExamWorks, LLC

**STIPULATED AS TO THE RELIEF REQUESTED:**

Dated: November 25, 2020                    FORD HARRISON LLP

                                            By: */s/ Daniel C. Chammas*
                                                (as authorized on 11/25/2020)
                                                DANIEL C. CHAMMAS
                                                Attorneys for Defendants Todd Baldini, L.
                                                Stuart Girard, and Abygail Bird

**STATEMENT OF NON-OPPOSITION AS TO THE RELIEF REQUESTED**

Dated: November 25, 2020                    DOWNEY BRAND LLP

                                            By: */s/ Annie S. Amaral*
                                                (as authorized on 11/25/2020)
                                                ANNIE S. AMARAL
                                                Attorneys for Defendant Pamella Tejada

- 10 -                                      SECOND STIP. & ORD. TO AMEND SCHED. ORD.
                                            CASE NO. 2:20-CV-00920-KJM-DB

4148-7680-5673.1

**ORDER**

After considering the foregoing stipulated request to modify the scheduling order in this case, and good cause appearing, the Court GRANTS the request to modify the scheduling order as follows:

The deadline for joinder of additional parties is continued from December 10, 2020 to January 14, 2021 as to third parties Integrated Pain Management and William George (collectively "IPM Parties").

The deadline for the completion of fact discovery is continued from December 28, 2020 to January 14, 2021 as to third parties the IPM Parties only. The completion for fact discovery as to the parties and third parties other than the IPM Parties will be December 28, 2020.

The deadline for expert disclosures is continued from January 11, 2021 to February 10, 2021 as to all parties.

The deadline for rebuttal expert witnesses is continued from February 1, 2021 to March 3, 2021 as to all parties.

The deadline for the completion of expert discovery is continued from February 19, 2021 to March 22, 2021 as to all parties.

The last day for hearing all dispositve motions except for motions for continuances, temporary restraining orders, or other emergency applications is continued from May 7, 2021 to June 18, 2021 as to all parties.

IT IS SO ORDERED.

DATED: December 1, 2020

_____
CHIEF UNITED STATES DISTRICT JUDGE