UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EXAMWORKS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TODD BALDINI, an individual, ABYGAIL BIRD, an individual, LAWRENCE STUART GIRARD, an individual, PAMELLA TEJADA, an individual, ROE CORPORATION, and DOES 1 through 10,<br><br>Defendants. | Case No. 2:20-CV-00920-KJM-DB<br><br>**THIRD STIPULATION/ STATEMENT OF NON-OPPOSITION AND ORDER TO AMEND RULE 16 SCHEDULING ORDER DUE TO THIRD PARTY DISCOVERY** |

Plaintiff ExamWorks, LLC ("ExamWorks") respectfully submits the following third stipulation and proposed order, requesting the Court continue the deadline for joinder of third-parties Dr. Steven Feinberg, James Tuthill, and Dunamis Alliance, LLC ("Dunamis") (Mr. Tuthill and Dunamis are collectively "Dunamis Third Parties") from December 10, 2020 to December 21, 2020 so that the parties may finish their settlement negotiations and hopefully resolve their disputes without ExamWorks filing suit against Dr. Feinberg and the Dunamis Third Parties. ExamWorks and Dr. Feinberg and the Dunamis Third Parties are currently in the middle of settlement negotiations; the parties are making good progress and anticipate that resolution can likely be reached with additional time. However, Mr. Tuthill is dealing with a family medical emergency that requires him to be at the hospital most of the day and Dr. Feinberg's counsel is currently on vacation this week. Therefore, there is some delay associated with responding to ExamWorks' settlement proposal and the parties require a short continuance to finalize the settlement negotiations. The parties also request a short two-week continuance as to fact discovery cut-off from December 28, 2020 to January 11, 2020 to address pending discovery requests from ExamWorks to Defendants.

Defendants Todd Baldini, L. Stuart Girard, and Abygail Bird stipulate to the relief requested regarding the joinder deadline in exchange for a two-week extension of written discovery responses to ExamWorks' pending discovery requests that are currently due on December 28, 2020, which is the current discovery fact cut-off. The requested continuance as to fact discovery would only allow for Defendants Baldini and Girard's responses to the pending written discovery requests from ExamWorks, and no other fact discovery besides the pending discovery requests will be permitted as to the parties after the December 28 cut-off. Besides the limited continuance of fact discovery for these discovery requests, no other deadlines will be impacted by the request herein.

Defendant Pamella Tejada does not oppose ExamWorks' requested relief and also seeks the two-week fact discovery continuance so that she has an additional two weeks to respond to ExamWorks' written discovery requests to Tejada (her current deadline is to respond by December 28, 2020), but takes no position with respect to the contents of this motion or the

representations made herein.

The parties agree that this two-week extension will not impact ExamWorks' right to meet and confer with Defendants Baldini, Girard, and Tejada on those responses (i.e., this extension will not put ExamWorks in a worse or better position had Defendants responded on December 28, 2020).

In addition, the Feinberg and Dunamis Parties do not object to the request for continuance as to the joinder deadline.

### A. Background

This action arises out of Defendants' prior employment with ExamWorks. In Spring 2020, Defendants Girard and Tejada resigned from ExamWorks. In the course of investigating their departures, ExamWorks came to believe that they had taken significant information related to ExamWorks' business, including information that ExamWorks considers to be its trade secrets. Defendants Baldini's and Bird's employment was terminated shortly thereafter. This action was filed on May 4, 2020 (ECF No. 1), and on May 8, 2020, the Court granted ExamWorks' motion and issued a Temporary Restraining Order and Order to Show Cause and ordered expedited discovery (ECF No. 17). On June 3, 2020, the Court granted ExamWorks' motion for Preliminary Injunction. ECF No. 45.

In connection with the Rule 16 scheduling conference held on August 20, 2020, ExamWorks alerted the Court that ExamWorks planned to take third-party discovery of certain business entities affiliated with Defendants. ECF No. 86 (Jnt. Rpt.) at 8. ExamWorks contends that the relevant third parties, including Steven Feinberg, James Tuthill, William George, Trisha Tuthill, Dunamis Alliance LLC ("Dunamis"), and/or Integrated Pain Management ("IPM") were all connected in one way or another with Defendants' departure from ExamWorks and were connected to a scheme to misappropriate ExamWorks' trade secrets. *See also* ECF No. 39 (Supp. Br.) at 2–5 (setting forth ExamWork's position and evidence that the identified third parties were connected with a venture planned by Defendants). A significant purpose of taking third-party discovery was to determine what, if any, ExamWorks information was misappropriated by third parties so that it could be returned to ExamWorks. ECF No. 112-1, ¶ 2.

**B.       ExamWorks Diligently Pursued Information from Third Parties.**

ExamWorks previously filed a Stipulation and Proposed Order to Amend Scheduling Order (hereinafter "First Stipulation"), ECF No. 100, and a Second Stipulation and Proposed Order to Amend Scheduling Order (hereinafter "Second Stipulation"), ECF No. 112.[1]  The First Stipulation requested additional time for the joinder of all third parties so that the parties could finish discovery of the third parties and the Second Stipulation requested additional joinder time for third parties IPM and Bill George ("IPM Parties") only so that ExamWorks could complete a forensic inspection protocol with the IPM Parties.  As discussed in both the First and Second Stipulations, ExamWorks has been pursuing third party discovery with diligence so that it has enough information to make the informed decision whether it needs to sue third parties in this litigation.  The Court granted both stipulations.  *See* ECF No. 104, ECF No. 113.

At the time of the filing of the Second Stipulation, Exam Works had deposed Dr. Feinberg on November 24, 2020, and was going to depose Mr. Tuthill and Dunamis on December 1, 2020.  Second Suppl. Lui Decl., filed concurrently herewith, ¶ 2.  At the time of the filing of the Second Stipulation, ExamWorks anticipated it could make the December 10 joinder deadline as to the Dr. Feinberg and the Dunamis Third Parties, which is why ExamWorks requested a continuance as to the joinder deadline of the IPM Parties only.  After the depositions, ExamWorks began documenting a settlement agreement with Dr. Feinberg and with Mr. Tuthill and Dunamis.  *Id.* ¶ 3.  However, the parties need more time to finish the settlement discussions due to a couple of unexpected events.  *Id.* ¶ 3.  First, Mr. Tuthill is dealing with a family medical emergency that requires him to be in the hospital most of the day; this will necessarily slow down the pace of the settlement negotiations.  ExamWorks is still waiting for a response from the Dunamis Third Parties due to Mr. Tuthill's personal situation.  *Id.* ¶ 3.  Second, Dr. Feinberg's counsel is on vacation this week, which will also delay the speed with which settlement negotiations may occur.  *Id.* ¶ 3.  ExamWorks is also waiting for a response as to certain aspects of its proposal.  *Id.* ¶ 3.  ExamWorks and the third parties are negotiating in good faith and wish to reach a settlement

---

[1] ExamWorks incorporates by reference as if stated herein the facts and arguments set forth in ECF Nos. 100 and 112.

to avoid litigation, if at all possible. *Id.* ¶ 3. ExamWorks believe the matters can be resolved without litigation with sufficient time. *Id.* ¶ 3.

As outlined above, ExamWorks has diligently sought information and discovery necessary to determine whether Dr. Feinberg and Dunamis Third Parties need to be added to the litigation. ExamWorks is hopeful that a settlement agreement can be reached with these third parties to avoid adding them to the litigation. However, ExamWorks requires a short continuance to finalize those negotiations.

In addition, the parties seek a two-week continuance of fact discovery to permit Defendants Baldini, Girard, and Tejada two additional weeks to respond to ExamWorks' written discovery requests. The fact discovery continuance is to allow additional time for the written discovery only and does not impact any other party discovery.

## II.     LEGAL STANDARD

The Court may upon a showing of good cause amend a Rule 16(b) scheduling order. Fed. R. Civ. P. 16(b)(4). "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

## III.    GOOD CAUSE EXISTS TO MODIFY THE RULE 16 ORDER

ExamWorks participated in the initial case management conference and proposed a schedule jointly with Defendants that the Court largely adopted. ECF No. 86 (Jnt. Rpt.) at 11–12; ECF No. 87 (Scheduling Order). *Kuschner*, 256 F.R.D. at 688 (finding that participation in the scheduling conference and proposal of a schedule satisfies the first prong of the good cause inquiry). As discussed in the First and Second Stipulation, ExamWorks has pursued third party discovery diligently. ExamWorks is now engaged in settlement negotiations with both Dr. Feinberg and the Dunamis Third Parties. However, ExamWorks requires a short 11-day continuance to finalize settlement negotiations with these third parties to account for Mr. Tuthill's

family medical emergency and that Dr. Feinberg's counsel is on vacation. On December 8, 2020, ExamWorks spoke with Dr. Feinberg's counsel and Mr. Tuthill's and Dunamis' counsel separately. Both counsel expressed that the short continuance would allow the parties sufficient time to finish settlement negotiations and that they had no objection to the requested continuance. Second Suppl. Lui Decl. ¶ 3, Exs. A and B. ExamWorks anticipates that resolution can occur with these third parties with this short continuance and would like to avoid burdening the Court with an unnecessary amended complaint on December 10 if it receives this continuance. Second Suppl. Lui Decl. ¶ 3. When it became clear that ExamWorks required more time for third party discovery due to a number of unforeseen circumstances, ExamWorks promptly sought this relief. *Id.* ¶ 4. Both the third parties and the Defendants do not object to this requested continuance. *Id.* ¶¶ 3-4. In addition, Defendants request two additional weeks to respond to ExamWorks' pending written discovery requests  The requested continuance as to the fact discovery cut-off for the parties only applies to the pending written discovery requests from ExamWorks to the Defendants; the parties do not contemplate any other discovery beyond December 28 besides the written discovery requests. The requested continuance of the joinder and fact discovery deadline will not impact any other deadlines.

### IV.  **CONCLUSION**

For the foregoing reasons, ExamWorks respectfully requests that the Court extend the deadline to join Dr. Feinberg, James Tuthill, and Dunamis Alliance, LLC from December 10, 2020 to December 21, 2021. In addition, the parties request the Court continue the fact discovery cut-off from December 28, 2020 to January 11, 2021 to allow additional time for Defendants to provide responses to the pending discovery requests only; no other fact discovery as to the parties is contemplated with the fact discovery continuance.

///

///

///

///

///

Dated: December 9, 2020                    ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Robert S. Shwarts*
ROBERT S. SHWARTS
Attorneys for Plaintiff
ExamWorks, LLC

**STIPULATED AS TO THE RELIEF REQUESTED:**

Dated: December 9, 2020                    FORD HARRISON LLP

By: */s/ Daniel C. Chammas*
(as authorized on 12/9/2020)
DANIEL C. CHAMMAS
Attorneys for Defendants Todd Baldini, L. Stuart Girard, and Abygail Bird

**STATEMENT OF NON-OPPOSITION AS TO THE RELIEF REQUESTED**

Dated: December 9, 2020                    DOWNEY BRAND LLP

By: */s/ Annie S. Amaral*
(as authorized on 12/9/2020)
ANNIE S. AMARAL
Attorneys for Defendant Pamella Tejada

**ORDER**

After considering the foregoing stipulated request to modify the scheduling order in this case, and good cause appearing, the court **grants** the request to modify the scheduling order as follows:

(1) The deadline for joinder of additional parties as is continued from December 10, 2020 to January 14, 2021 as to third parties Dr. Steven Feinberg, James Tuthill, and Dunamis Alliance, LLC.

(2) The deadline for fact discovery cut-off is continued from December 28, 2020 to January 11, 2021 as to the pending written discovery requests from ExamWorks to Defendants Baldini, Girard, and Tejada only.

(3) No other fact discovery as to the parties besides the pending written discovery requests will be permitted beyond the original December 28, 2020 deadline.  This two-week extension will not impact ExamWorks' right to meet and confer with Defendants Baldini, Girard, and Tejada on those responses (i.e., this extension will not put ExamWorks in a worse or better position had Defendants responded on December 28, 2020).

(4) All other deadlines previously ordered by the court besides the above remain in effect. *See* ECF No. 87.

IT IS SO ORDERED.  This order resolves ECF No. 115.

DATED:  December 14, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE