KESSENICK GAMMA & FREE, LLP
JAMES MAXWELL COOPER (State Bar No. 284054)
mcooper@kgf-lawfirm.com
MICHAEL A. GAWLEY (State Bar No. 294190)
mgawley@kgf-lawfirm.com
1 Post Street, Suite 2500
San Francisco, California 94104
Telephone:  415.362.9400
Facsimile:  415.362.9401

Attorneys for Non-Party
INTEGRATED PAIN MANAGEMENT
MEDICAL GROUP, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EXAMWORKS, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TODD BALDINI, an individual, ABYGAIL BIRD, an individual, LAWRENCE STUART GIRARD, an individual, PAMELLA TEJADA, an individual, ROE CORPORATION, and DOES 1 through 10,<br><br>Defendants. | No. 2:20-cv-00920-KJM-DB<br><br>**STIPULATION AND RULE 502(d) ORDER** |

By and through their respective undersigned counsel and subject to the approval of the Court, Plaintiff ExamWorks, LLC, Defendants Todd Baldini, Abygail Bird, Lawrence Stuart Girard, and Pamella Tejada (collectively, "the Parties") and non-party, Integrated Pain Management Medical Group, Inc. ("Non-Party") hereby stipulate and agree as follows:

1. The Parties and Non-Party wish to expedite and facilitate the production of a large volume of electronic and hard copy data, information, and documents, and to protect against waiver as a result of the disclosure, inadvertent, intentional, or otherwise, of attorney-client privileged communications or work product materials.

2. The Parties and Non-Party jointly request that this Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in this proceeding, and to protect the Parties and Non-Party against waiver of any privileges or protections from discovery applicable to those documents.

3. Under Federal Rule of Evidence 502(d), "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding."

4. As authorized by Federal Rule of Evidence 502(d), a Party or Non-Party's disclosure or production of any documents or information in connection with this proceeding, whether inadvertent, intentional, or otherwise, is not, for the purposes of this proceeding and also in any other federal or state proceeding, a waiver of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection against waiver allowed by Federal Rule of Evidence 502(d). The Parties and Non-Party agree that the mere production of electronically stored information in this litigation as part of a mass production shall not itself constitute a waiver for any purpose.

5. For the avoidance of doubt, Federal Rule of Evidence 502(b) is inapplicable to the production of documents or information in this case.  There shall be no waiver if a Party or Non-Party discloses privileged or protected information, regardless of whether the Party or Non-Party took reasonable steps to prevent the disclosure or to rectify the error.

6. The right of a Party or Non-Party to claw back inadvertently or otherwise produced information that is privileged and/or otherwise protected from discovery (*see* Stipulated Non-Trial Protective Order, § 11, ECF No. 64) is not contingent upon a showing that reasonable steps were taken to avoid disclosure.  In the event of any conflict between this Order and the Stipulated Non-Trial Protective Order (ECF No. 64), this Order shall control.

7. Consistent with Federal Rule of Evidence 502(e), each of the Parties and Non-Party agrees that it is bound by this stipulation regardless of whether it is entered by the Court.

**IT IS SO STIPULATED**

Dated: December 21, 2020　　　　　　　　KESSENICK GAMMA & FREE, LLP
San Francisco, CA

　　　　　　　　　　　　　　　　　　　　*/s/ James M. Cooper*
　　　　　　　　　　　　　　　　　　　　James M. Cooper

　　　　　　　　　　　　　　　　　　　　1 Post Street, Suite 2500
　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94104
　　　　　　　　　　　　　　　　　　　　415.362.9400
　　　　　　　　　　　　　　　　　　　　mcooper@kgf-lawfirm.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Non-Party
　　　　　　　　　　　　　　　　　　　　*Integrated Pain Management Medical Group, Inc.*

Dated: December 21, 2020　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP
San Francisco, CA

　　　　　　　　　　　　　　　　　　　　*/s/ Catherine Lui (as authorized on 12/21/2020)*
　　　　　　　　　　　　　　　　　　　　Catherine Lui

　　　　　　　　　　　　　　　　　　　　The Orrick Building
　　　　　　　　　　　　　　　　　　　　405 Howard Street
　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94105
　　　　　　　　　　　　　　　　　　　　415.773.5700
　　　　　　　　　　　　　　　　　　　　rshwarts@orrick.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　*ExamWorks, LLC*

Dated: December 21, 2020　　　　　　　　FORD HARRISON LLP
Los Angeles, CA

　　　　　　　　　　　　　　　　　　　　*/s/ Daniel B. Chammas (as authorized on 12/21/2020)*
　　　　　　　　　　　　　　　　　　　　Daniel B. Chammas

　　　　　　　　　　　　　　　　　　　　350 S. Grand Ave., Suite 2300
　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　　　　　213.237.2442
　　　　　　　　　　　　　　　　　　　　dchammas@fordharrison.com

| | |
|---|---|
| | Attorneys for Defendants<br>*Todd Baldini, L. Stuart Girard, and Abygail Bird* |
| Dated: December 21, 2020<br>Sacramento, CA | DOWNEY BRAND, LLP |
| | */s/ Annie S. Amaral (as authorized on 12/21/2020)*<br>Annie S. Amaral |
| | 621 Capitol Mall, 18th Floor<br>Sacramento, CA 95814<br>916.444.1000<br>aamaral@downeybrand.com |
| | Attorneys for Defendant<br>*Pamella Tejada* |

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: January 4, 2021              /s/ DEBORAH BARNES
                                     UNITED STATES MAGISTRATE JUDGE