ROBERT S. SHWARTS (STATE BAR NO. 196803)
rshwarts@orrick.com
CATHERINE Y. LUI (STATE BAR NO. 239648)
clui@orrick.com
NATHAN SHAFFER (STATE BAR NO. 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Plaintiff
ExamWorks, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EXAMWORKS, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TODD BALDINI, an individual, ABYGAIL BIRD, an individual, LAWRENCE STUART GIRARD, an individual, PAMELLA TEJADA, an individual, ROE CORPORATION, and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 2:20-CV-00920-KJM-DB<br><br>**STIPULATION AND ORDER TO GRANT MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND AMEND RULE 16 SCHEDULING ORDER TO REOPEN LIMITED FACT DISCOVERY**<br><br>Judge:　Hon. Kimberly J. Mueller<br>Place:　Courtroom 3, 15th floor |

Plaintiff ExamWorks, LLC ("ExamWorks") and Defendants Todd Baldini and L. Stuart Girard (collectively "Defendants") respectfully submit the following stipulation and proposed order, requesting the Court to grant ExamWorks' unopposed Motion for Leave to File the Third Amended Complaint (the "Motion") and to amend the Rule 16 scheduling order to reopen limited fact discovery as to certain limited discovery related to Defendants' employment and ExamWorks' contentions.

First, ExamWorks and Defendants (collectively the "Parties") stipulate to the Court's granting of the Motion. ExamWorks filed the Motion on June 21, 2021. Defendants did not file an opposition within the allotted time period. On July 30, the Court submitted the Motion itself without oral argument and vacated the August 6, 2021 hearing. Defendants hereby stipulate to the Motion, and ExamWorks respectfully requests that the Court grant leave for ExamWorks to file the Third Amended Complaint.

Second, the Parties stipulate to further amending the Rule 16 scheduling order to reopen limited fact discovery related to Defendants' new employment and continued compliance with this Court's Order Granting Preliminary Injunction ("Preliminary Injunction") (ECF No. 45), as well as ExamWorks' legal contentions and non-expert damages calculations. Fact discovery formally closed on December 28, 2020, with certain limited fact discovery allowed until January 14, 2021. *See* ECF No. 87; ECF No. 113. After fact discovery but before expert disclosures were due, Defendants each independently filed for bankruptcy and this litigation was automatically stayed. *See* ECF Nos. 124 and 132. ExamWorks sought leave from each of the two U.S. bankruptcy courts for the Eastern District of California (collectively the "Bankruptcy Courts") for relief from the automatic stay and permission to recommence the trade secrets litigation before this Court, which the Bankruptcy Courts granted. *See In re Todd Daniel Baldini, Joyce Ann Baldini*, Case No. 2:21-BK-20010 (Bankr. E.D. Cal. Jan. 4, 2021); *In re Lawrence Stuart Girard,* Case No. 2:21-BK-20281 (Bankr. E.D. Cal. Jan. 27, 2021).

Now that ExamWorks may once again pursue its claims in this Court, it seeks limited fact discovery due to new developments. Specifically, ExamWorks recently learned of Girard's new

1  employment with Advanced Pain Diagnostic & Solutions ("APDSS") beginning on June 21, 2021,
2  and Baldini's formation of a med-legal consulting company called Leading Edge Consulting
3  ("LEC") around April 2021.  Through LEC, Baldini offers his consulting services to a list of med-
4  legal companies, including Arrowhead Evaluation Services ("Arrowhead").  Arrowhead is a
5  competitor to ExamWorks in the med-legal space.  Arrowhead was also an entity that Defendants
6  once discussed as a corporate vehicle for their competing venture in 2018.  Further, ExamWorks
7  seeks to understand what Mr. Girard's employment with APDSS entails and ensure compliance
8  with the Preliminary Injunction, as described below.

9  Defendants continue to be bound by the Preliminary Injunction issued on June 3, 2020
10  subject to the Ninth Circuit's opinion on the Preliminary Injunction.  *See* ECF Nos. 45; 114.
11  Girard's new employment with APDSS and Baldini's recent consulting through LEC each raise
12  concerns for ExamWorks regarding Defendants' ongoing compliance with the Preliminary
13  Injunction.  Defendants and ExamWorks both have an interest in reopening limited fact discovery
14  to freely exchange, review, and respond to discovery requests related to Defendants' new
15  employment and expeditiously resolve any outstanding questions regarding Preliminary Injunction
16  compliance.  ExamWorks will require such information before any settlement discussions may
17  proceed.  Likewise, Defendants have an interest in the reciprocal exchange of discovery requests
18  relating to ExamWorks' legal contentions and non-expert damages discovery.  As such,
19  ExamWorks requests this Court to reopen limited fact discovery related to Defendants' new
20  employment and ExamWorks' legal posture and set the deadline for such limited fact discovery as
21  four months from the entry of the Court's order ("Order").  Within two weeks from the close of
22  fact discovery, ExamWorks agrees to propose to Defendants a settlement offer, which the Parties
23  may thereafter discuss and negotiate in further detail so that the parties may potentially pursue
24  settlement and resolution of the litigation.

25  Defendants stipulate to all relief requested above.
26  //
27  //
28

- 2 -

STIP. & ORD. TO GRANT
MOTION RE TAC AND AMEND
RULE 16 SCHEDULING ORDER
CASE NO. 2:20-CV-00920-KJM-DB

4124-7366-0464.11

A.     **Background**

This action arises out of Defendants' prior employment with ExamWorks. In Spring 2020, Defendants each resigned from ExamWorks and began employment with Integrated Pain Management Medical Group ("IPM"). In the course of investigating their departures, ExamWorks discovered Defendants had taken significant information related to ExamWorks' business, including information that ExamWorks considers to be its trade secrets. This action was filed on May 4, 2020. *See* ECF No. 1. On May 8, 2020, the Court issued a Temporary Restraining Order (ECF No. 17), and on June 3, 2020, it issued the Preliminary Injunction (ECF No. 45).

From June through December 2020, the parties pursued discovery from Defendants as well as third parties including Defendants' employer at the time, IPM. *See* Declaration of Catherine Y. Lui in Support of Stipulation ("Lui Decl.") ¶ 2. ExamWorks also resolved this litigation with previous defendants Pamella Tejada and Abygail Bird. ECF Nos. 142, 143. Fact discovery formally closed on December 28, 2020, with certain limited fact discovery allowed until January 14, 2021. *See* ECF No. 87; ECF No. 113.

On January 4 and 27, 2021, Baldini and Girard respectively filed for bankruptcy. Consequently, litigation before this Court was automatically stayed. *See* ECF Nos. 124 and 132. In order to protect its interest in being made whole, ExamWorks filed with each Bankruptcy Court a motion for relief from the automatic stay to be able to proceed with and come to a final resolution in this trade secrets litigation. *See* Lui Decl. ¶ 3. Each Bankruptcy Court granted ExamWorks' motion for relief, and the automatic stay was lifted on May 21, 2021 as to Baldini and on May 20, 2021 as to Girard. *See id.* Moreover, each Bankruptcy Court recommended that the question of nondischargeability of any monetary damages granted in this litigation—which would usually be determined by the Bankruptcy Courts—instead be decided by this Court in the interest of judicial efficiency and due to this Court's intimate familiarity with the parties, facts, and issues of the case. *See id.* Consequently, ExamWorks filed the Motion on June 21, 2021, requesting leave to file a Third Amended Complaint which added the issue of nondischargeability for this Court to decide. *See* ECF No. 144.

Recently, on July 9, 2021, Defendants' new counsel informed ExamWorks that Baldini and Girard had each begun new employment. *See* Lui Decl. ¶ 6. More specifically, Girard had begun employment as General Manager of Advanced Pain Diagnostic & Solutions on June 21, 2021. *See id.* Ex. B. APDSS is a treating practice and claims to currently not engage in med-legal work. *See id.* Girard is responsible for management of APDSS' medical treatment practice, including daily operations, hiring and training, and development of treatment networks and referrals. *See id.* APDSS has not stated whether it aspires to enter the med-legal industry and, if so, whether Girard would play any role in the operation.

As to Baldini, in addition to his employment as a sales representative for Chriswell Home Improvements (as of March 15, 2021), he also formed a consulting company called Leading Edge Consulting around April 2021, through which he provides consulting services related to the med-legal industry. *See id.* Ex. B. Through LEC, Baldini has provided and continues to provide consulting services to at least Arrowhead Evaluation Services. More specifically, Baldini works with and supports Arrowhead's partnering clients, physicians, and attorneys, including those newly-acquired through Baldini's services. *See id.* Arrowhead is a competitor to ExamWorks in the med-legal industry, and ExamWorks fears it would benefit greatly from access to ExamWorks' trade secrets through Baldini's consulting services. Defendants' counsel informed ExamWorks that Arrowhead is aware of Baldini's restrictions under the Preliminary Injunction and is working with Baldini to ensure compliance therewith. *See id.* ExamWorks has an interest in requesting additional details as to specific measures in place to ensure such compliance. Moreover, ExamWorks has an interest in receiving similar reassurances from APDSS and each of Defendants' other employers and/or consulting clients.

In the interest of transparency and efficiency, Defendants have stipulated to the requested reopening of limited fact discovery for the purpose of understanding Defendants' new employment and confirming compliance with the Preliminary Injunction. In exchange, Defendants seek the reopening of limited fact discovery for the purpose of understanding ExamWorks' legal contentions and non-expert damages calculations.

- 4 -

STIP. & ORD. TO GRANT
MOTION RE TAC AND AMEND
RULE 16 SCHEDULING ORDER
CASE NO. 2:20-CV-00920-KJM-DB

4124-7366-0464.11

## II. MOTION FOR LEAVE TO FILE THE THIRD AMENDED COMPLAINT

### A. Legal Standard

Upon the filing and notice of a motion and related hearing, opposition to the granting of that motion shall be filed and served no less than 14 calendar days prior to the noticed hearing. *See* L.R. 230(c). "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." *Id*. A district court may properly grant a motion that is unopposed or where the other party has filed a stipulation or statement of non-opposition to the motion. *See Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (granting unopposed motion to dismiss pursuant to local rule); *Way v. JPMorgan Chase Bank, N.A.,* No. 2:16-cv-02244-TLN-KJN, 2019 WL 1405599 (E.D. Cal. Mar. 28, 2019) (granting unopposed motion to dismiss pursuant to plaintiff's statement of non-opposition).

### B. Granting the Unopposed Motion is Appropriate

On June 21, 2021, ExamWorks filed the Motion, requesting leave to file a Third Amended Complaint which adds claims relating to the nondischargeability of monetary damages this Court may ultimately grant to ExamWorks upon final judgment, despite Defendants' respective bankruptcies. This amendment to the complaint comes in response to recommendations made by Judge Christopher Klein and Judge Fredrick Clement, who preside over Baldini's and Girard's respective bankruptcy proceedings. *See In re Todd Daniel Baldini, Joyce Ann Baldini*, Case No. 2:21-BK-20010 (Bankr. E.D. Cal. Jan. 4, 2021); *In re Lawrence Stuart Girard,* Case No. 2:21-BK-20281 (Bankr. E.D. Cal. Jan. 27, 2021). Generally, the issue of nondischargeability would fall to the Bankruptcy Courts. However, in the interest of judicial efficiency and the expeditious resolution of issues, Judge Klein and Judge Clement each recommended instead that this Court simultaneously decide liability, damages, and the nondischargeability of such damages, rather than split issues between this Court and the Bankruptcy Courts. Upon filing the Motion, ExamWorks noticed a hearing for August 6, 2021. The deadline for opposition to the Motion was therefore July 23, 2021. Defendants filed a statement of non-opposition to the Motion. On July 30, recognizing the unopposed nature of the Motion and pursuant to Local Rule 230(g), the Court submitted the

Motion itself without oral argument and vacated the August 6, 2021 hearing.

Defendants hereby stipulate to the unopposed Motion, and ExamWorks respectfully requests that the Court grant leave for ExamWorks to file the Third Amended Complaint. ExamWorks will file and serve its Third Amended Complaint within five calendar days of the Court's order granting leave.

## III.  MODIFICATION OF RULE 16 SCHEDULING ORDER AND REOPENING OF LIMITED FACT DISCOVERY

### A.  Legal Standard

The Court may amend its Rule 16(b) scheduling order to reopen discovery upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has consistently interpreted Rule 16(b) as giving the courts broad discretion to amend scheduling orders for good cause. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("'The district court is given broad discretion in supervising the pretrial phase of litigation...'" (*quoting Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992))); *see also Noyes v. Kelly Services*, 488 F.3d 1163, 1174 (9th Cir. 2007) (district court improperly denied motion to modify scheduling order where moving party had shown good cause and diligently pursued discovery).

"Good cause may be found to exist where the moving party shows that it [1] diligently assisted the court with creating a workable scheduling order, [2] that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and [3] that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

### B.  Good Cause Exists to Modify the Rule 16 Scheduling Order and Reopen Limited Fact Discovery

First, the Parties diligently assisted the Court with initially creating a workable scheduling order. ExamWorks and Defendants both actively participated in the initial case management conference on August 20, 2020 and jointly proposed a discovery schedule, which the Court largely

adopted. *See* ECF No. 86 (Jnt. Rpt.) at 11–12; ECF No. 87 (Scheduling Order); *see also Kuschner*, 256 F.R.D. at 688 (finding that participation in the scheduling conference and proposal of a schedule satisfies the first prong of the good cause inquiry).  As discussed in the parties' first Stipulation and Proposed Order to Amend Scheduling Order (ECF No. 100), at the time of the scheduling conference, ExamWorks, Defendants, and third parties were actively working together to obtain necessary discovery from these entities. *See* ECF No. 100 at 2-4; ECF No. 100-1 ¶¶ 3–4, 6.  The parties proposed initial discovery deadlines reasonably and in good faith.  When it became clear that more time was required for third-party discovery due to unforeseen circumstances, ExamWorks timely sought relief to continue the deadline for various limited purposes.  *See* ECF Nos. 100, 112, and 115.   The Court granted each stipulation as reasonable and in the interest of expeditious resolution of issues. *See* ECF No. 104, 113, and 117.  Thus, throughout fact discovery, the Parties diligently assisted the Court in not only creating the initial scheduling order but also in subsequently estimating reasonable, tailored extensions of fact discovery for limited purposes to assist one another and third parties in meeting their discovery obligations.

Second, the matters leading to the Parties' requested reopening of limited fact discovery could not have been reasonably foreseen at the time of the initial scheduling order.  The initial case management conference was held on August 20, 2020.  At that point, Defendants were unemployed and their last employer was IPM.   To ExamWorks' knowledge, Defendants continued to be unemployed throughout the remainder of 2020, including at the time of each stipulation to extend discovery deadlines on October 9,  November 25, and December 15. *See* ECF Nos. 100, 112, and 115.  By the close of fact discovery, on December 28, 2020, APDSS had never been mentioned during discovery, and ExamWorks had no reason to pursue discovery related to this entity.  LEC would not be formed for another four months in April 2021.  Arrowhead and its CEO, Scott Thompson ("Thompson"), had briefly appeared in several early documents produced by Defendants, which related to the initial planning of Defendants' competing venture; however, the documents date back to 2018, and Thompson was quickly replaced by other more active venture members in 2019 and 2020.  Throughout open fact discovery, there was never any indication that

Girard may ultimately go on to work at APDSS or that Baldini may form LEC for the purpose of assisting med-legal companies, including Arrowhead. Thus, while ExamWorks had been diligent during the period of open fact discovery in seeking information from Defendants and their other post-ExamWorks employers, there was no foreseeable indication that ExamWorks would need to take discovery related to APDSS, LEC, or Arrowhead. It was only in early July 2021, when ExamWorks was informed by Defendants' counsel of their new respective employments, that the need to reopen limited fact discovery became reasonably foreseeable.

Third, the Parties have been diligent in seeking this modification to the scheduling order once the need to reopen limited fact discovery became apparent. Although Baldini formed LEC around April 2021 and Girard began his employment with APDSS on June 21, 2021, it was not until July 9, 2021 that ExamWorks learned the details of Defendants' new employment. More specifically, counsel for ExamWorks and Defendants made initial contact via email on June 16, 2021 when Defendants' new counsel emailed ExamWorks' counsel to introduce himself and request a call. *See* Lui Decl. ¶ 4. A call took place on June 24, 2021, wherein ExamWorks' counsel requested an update on Defendants' circumstances, including any new employment. *See id.* The following week, on June 28, 2021, ExamWorks' counsel followed up with Defendants' counsel on the same question. *See* Lui Decl. ¶ 5. Defendants' counsel responded to ExamWorks the next day that he would investigate any new employment, review his clients' answers, and return with details. *See id.*

On July 9, 2021, Defendants' counsel followed up with confirmation of new employment and further details regarding Defendants' specific employers, positions, and job responsibilities. *See* Lui Decl. ¶ 6. As soon as it became apparent that ExamWorks may need to obtain limited fact discovery related to these new employers, Defendants' new roles, and their continued compliance with the Preliminary Injunction, ExamWorks quickly sought to obtain Defendants' stipulation to request reopening of limited fact discovery to clarify employment and confirming compliance. *See* Lui Decl. ¶ 7. *See Hood v. Hartford Life & Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008) (finding good cause where the party seeking modification moved quickly to obtain a

stipulation and seek modification of the scheduling order).  The Parties have since been conferring on the scope of discovery, this stipulation, and how the parties may engage in settlement negotiations after discovery to potentially resolve the litigation.  *See* Lui Decl. ¶ 7.  As part of the conferrals, Defendants also sought limited discovery from ExamWorks regarding its contentions and non-expert damages discovery to aid their defenses.  *See id.*  Thus, the Parties have been diligent in seeking this modification of the scheduling order.

Good cause therefore exists to allow the reopening of fact discovery for the limited purpose of understanding Defendants' new employment following termination from IPM and ensuring compliance with the Preliminary Injunction, as well as understanding ExamWorks' contentions and non-expert damages calculations.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court amend its Rule 16(b) scheduling order and reopen limited fact discovery for the Parties.

Specifically, ExamWorks seeks the following additional fact discovery regarding the topics of Defendants' new employers, roles, responsibilities, and compliance with the Preliminary Injunction including but not limited to any access, use, or disclosure of ExamWorks' trade secrets and confidential information:

- 10 additional interrogatories to each Defendant
- 10 additional requests for production to each Defendant
- 10 additional requests for admission to each Defendant
- Subpoenas to request documents from each of the following: Advanced Pain Diagnostic & Solutions, Leading Edge Consulting, and Arrowhead Evaluation Services
- 4-hour depositions of a corporate representative from each of the following: Advanced Pain Diagnostic & Solutions, and Arrowhead Evaluation Services
- 4-hour depositions of each Defendant

In addition, prior to the filing of bankruptcy by Mr. Baldini, there were pending discovery requests served to him.  Mr. Baldini agrees to provide responses to those requests and the Parties

will work together on an appropriate deadline for those requests. ExamWorks reserves the right to seek additional discovery if, for example, the depositions of the Defendants reveals that they are working with additional employers. ExamWorks will first confer with Defendants regarding any supplemental discovery before seeking the Court's approval of the same.

In return, Defendants respectfully request reciprocal amounts of discovery requests relating to ExamWorks' contentions and non-expert damages calculations. Specifically, Defendants seek the following additional non-expert fact discovery from ExamWorks:

- 10 additional interrogatories to ExamWorks from each Defendant
- 10 additional requests for production to ExamWorks from each Defendant
- 10 additional requests for admission to ExamWorks from each Defendant

The Parties respectfully request that the Court set the deadline to complete such limited fact discovery as fourth months from the entry of its Order. Within two weeks of the close of fact discovery, ExamWorks agrees to propose to Defendants a settlement offer, which the Parties may thereafter discuss and negotiate in further detail. The Parties may seek further amendment of this Order.

Dated: September 22, 2021                ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
ROBERT S. SHWARTS
Attorney for Plaintiff
ExamWorks, LLC

**STIPULATED AS TO THE RELIEF REQUESTED:**

Dated: September 22, 2021                YOUNG & LAZZARINI

By: _____
NICHOLAS LAZZARINI
Attorney for Defendants Todd Baldini and
L. Stuart Girard

# ORDER

After considering the foregoing stipulated request to grant ExamWorks' unopposed Motion for Leave to File the Third Amended Complaint ("Motion"), the Court **GRANTS** the Motion. ExamWorks is ordered to file and serve its Third Amended Complaint within five calendar days of this Order granting leave.

Moreover, after considering the foregoing stipulated request to modify the Rule 16 scheduling order and reopen limited fact discovery, and good cause appearing, the Court **GRANTS** the request to modify the scheduling order as follows:

Fact discovery is reopened for the limited purpose of investigating Defendants' new employment, including their roles and responsibilities, and ensuring Defendants' compliance with the preliminary injunction, including but not limited to any access, use, or disclosure of ExamWorks trade secrets and confidential information. Likewise, fact discovery is reopened for the limited purpose of allowing Defendants' discovery as to ExamWorks' legal contentions and non-expert damages calculations.

Specifically, ExamWorks is entitled to the following additional fact discovery:

- 10 additional interrogatories to each Defendant
- 10 additional requests for production to each Defendant
- 10 additional requests for admission to each Defendant
- Subpoenas to request documents from: Advanced Pain Diagnostic & Solutions, Leading Edge Consulting, and Arrowhead Evaluation Services
- 4-hour depositions of a corporate representative from each of the following: Advanced Pain Diagnostic & Solutions and Arrowhead Evaluation Services
- 4-hour depositions of each Defendant

Defendants are entitled to the following additional non-expert fact discovery:

- 10 additional interrogatories to ExamWorks from each Defendant
- 10 additional requests for production to ExamWorks from each Defendant
- 10 additional requests for admission to ExamWorks from each Defendant

     Mr. Baldini is also ordered to provide any remaining responses to the discovery requests served to him prior to the filing of his bankruptcy proceeding in January 2021. The parties will confer on deadline to respond to these requests.

     ExamWorks may request permission to seek supplemental discovery if, for example, the depositions of the Defendants reveals that they are working with additional employers. ExamWorks will first confer with Defendants regarding any supplemental discovery before seeking the Court's approval of the same.

     The deadline for completion of such limited fact discovery is set for fourth months from the entry of its Order. The parties may seek further amendment of this Order, if necessary.

**IT IS SO ORDERED.**

DATED: September 27, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE