ROBERT S. SHWARTS (STATE BAR NO. 196803)
rshwarts@orrick.com
CATHERINE Y. LUI (STATE BAR NO. 239648)
clui@orrick.com
NATHAN SHAFFER (STATE BAR NO. 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

Attorneys for Plaintiff
ExamWorks, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| EXAMWORKS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TODD BALDINI, an individual, and LAWRENCE STUART GIRARD, an individual,<br><br>Defendants. | Case No. 2:20-CV-00920-KJM-DB<br><br>**STIPULATION AND PERMANENT INJUNCTION AND JUDGMENT**<br><br>Judge:    Hon. Kimberly J. Mueller |

Plaintiff ExamWorks, LLC including any parents, subsidiaries, and affiliates, ("ExamWorks") and Defendants Todd Baldini and Lawrence Stuart Girard (collectively the "Parties") hereby stipulate as follows:

WHEREAS, the Parties have resolved the underlying dispute;

WHERAS, as part of the settlement agreement, the Parties stipulate to this form of permanent injunction and judgment,

NOW, therefore the Parties seek the entry of this stipulated permanent injunction and judgment as follows:

1. Defendants are hereby enjoined from acquiring, accessing, disclosing, or using, or attempting to acquire, access, disclose, or use any trade secrets or confidential information of ExamWorks, or derivatives thereof, as described in the complaint in this action, including, but not limited to, any documents that discuss, forward, reference, or incorporate the trade secrets or confidential information of ExamWorks. For purposes of this order, the legal definition of "trade secret" is all nonpublic forms and types of data, agreements, marketing materials, business strategy materials, training materials, templates, regulatory information, case information, information derived from ExamWorks' confidential and proprietary databases regarding its customers, doctors, providers, referral sources, and operations, ExamWorks' financial information including but not limited to profit and loss statements, financial reporting, and financial information regarding ExamWorks' business lines and products, customer information, referral source information, or provider information, including but not limited to their contact information, fee schedules, payment histories, other financial materials, and contracts, or other business, information, including patterns, plans, compilations, methods, techniques, processes, procedures, or programs, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing. For purposes of this order, "confidential information" means all other information belonging to or otherwise relating to the business of ExamWorks or its affiliates which is not otherwise publicly available.

2. To the extent there are materials not already turned over to the ExamWorks or a forensic expert working on ExamWorks' behalf, Defendants and all persons in active concert or

participation with them are ordered to return, without delay, all ExamWorks trade secrets and confidential information in their possession, custody, or control to the office of counsel for ExamWorks (Catherine Lui, Orrick, Herrington & Sutcliffe LLP, 400 Capitol Mall # 3000, Sacramento, CA 95814).

3. For the period of two (2) years beginning from February 16, 2023, Defendants are hereby enjoined from conducting business with any of the entities or individuals identified in **Exhibit A**, attached hereto, as these entities and individuals were contained within the ExamWorks' trade secrets and confidential information that Defendants are accused of misappropriating. For purposes of Exhibit A, conducting business shall include only the actions of Defendants and not the actions of Defendants' employers provided Defendants do not participate in the services provided by such employer and do not provide strategic direction or oversight regarding such entities or individuals to Defendants' employer with respect to such services. For a period of two (2) years beginning from February 16, 2023, Defendants are hereby enjoined from directly or indirectly contacting or soliciting any of the entities or individuals identified in **Exhibit B**, attached hereto, for business, as defined herein. Direct solicitation means Defendants contact or solicit a specific individual or entity on Exhibit B for potential or actual business. Indirect solicitation or contact means that Defendants instruct, ask, or direct another person to contact or solicit a specific individual or entity on Exhibit B for potential or actual business. If the entities and individuals on Exhibit B are assigned to Defendants' employers through a Qualified Medical Examiner panel, Defendants will be permitted to work with those entities or individuals and doing so will not violate this section of the Injunction. If the individuals or entities on Exhibit B seek to work with Defendants or their employers without any direct or indirect solicitation, contact, or prompting from Defendants, or if the individuals or entities already work with Defendants' employers, then Defendants may work with the individuals and entities on Exhibit B. The Parties stipulate that Exhibits A and B reflect ExamWorks' confidential and trade secrets materials, which should be filed under seal. To be clear, Defendants cannot use third parties including their employers as a vehicle to violate the injunction such as telling their employers ExamWorks' trade secrets and confidential information for their use.

4. For purposes of this injunction, should any Defendant commit a breach of his obligations under the injunction, such breach shall not be considered a violation by any non-breaching Defendant. This section does not bar ExamWorks from contending that the Defendants worked in concert with each other in violation of the injunction should there be sufficient factual support for such contentions.

5. This Court retains continuing jurisdiction for purposes of enforcement of the judgment and to issue such orders, modification, and awards for damages, costs, and fees as the Court deems appropriate.

The Court finds that there is no just reason for delay in entering this Permanent Injunction and Judgment and, pursuant to Federal Rule of Civil Procedure 54, the Court directs immediate entry of this Permanent Injunction and Judgment against Defendants Todd Baldini and Lawrence Stuart Girard.

**SO STIPULATED.**

Dated: February 17, 2023                                 ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  */s/ Catherine Y. Lui*
CATHERINE Y. LUI
Attorneys for Plaintiff
ExamWorks, LLC

Dated: February 17, 2023                                 YOUNG & LAZZARINI

By:  */s/ Nicholas Lazzarini*
Nicholas Lazzarini
Attorneys for Defendants Todd Baldini and
Lawrence Stuart Girard

//
//
//
//

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED AND JUDGMENT IS**
2  **ACCORDINGLY ENTERED.**
3  Dated: March 29, 2023

_____
CHIEF UNITED STATES DISTRICT JUDGE